UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN DEL NERO<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>　　　　　Defendant. | )<br>)<br>)　C.A. No. 06-CV-<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for damages for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, for the intentional infliction of emotional distress and for invasion of privacy.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.   PARTIES

4. Plaintiff Darren Del Nero is an adult individual, residing at 311 N. Robertson Blvd., Beverly Hills, California 90211.

5. Defendant NCO Financial Systems, Inc. ("NCO") is a business entity engaged in the business of collecting debts in this Commonwealth and located at 507 Prudential Road, Horsham, Pennsylvania 19044. The principal purpose of defendant NCO is the collection of

debts using the mails and telephone, and NCO regularly attempts to collect debts alleged to be due another. At all times pertinent hereto, NCO was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of defendant NCO.

## IV.  FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant NCO was hired by Bank of America to collect a debt in default relating to a consumer transaction that was allegedly owed to Bank of America by Plaintiff Del Nero.

7. The alleged debt at issue arose out of purchases primarily for personal, family or household purposes.

8. On or about June 29, 2006, NCO wrote and sent a letter to Plaintiff in an attempt to collect the debt at issue. A copy of the June 29 letter is attached hereto as Exhibit A.

9. The June 29 letter stated, among other things, that NCO was demanding the sum of $150 in "PRINCIPAL" and the additional sum of $150 as "COST OF COLLECTIONS" for a "TOTAL BALANCE" OF $300. *See* Exhibit A.

10. On information and belief, there exists no basis in contract or applicable law for the imposition of a collection charge of $150.

11. Thereafter, a NCO collector telephoned Plaintiff at his home in an attempt to collect the alleged debt.

12. In response to the collector's demand for payment, Plaintiff told the collector that he disputed the alleged debt and requested verification. The collector replied "this is past due and you need to pay, or your credit will be screwed up." When Plaintiff repeated his request for verification, the collector hung up the phone.

13. On or about July 25, 2006, Plaintiff sent a letter to NCO in which he confirmed that he disputed the debt, repeated his request for verification of the debt and instructed NCO to cease all further communication. A copy of Plaintiff's dispute letter is attached hereto as Exhibit B.

14. NCO received Plaintiff's dispute letter on July 27, 2006. See delivery receipt attached hereto as Exhibit C.

15. Pursuant to section 1692g of the FDCPA, a debt collector such as NCO must cease collection activities when it receives a request for verification. The collector may not resume collection activities until it mails verification to the consumer. 15 U.S.C. § 1692g.

16. In violation of the FDCPA, NCO continued to pursue collection activities against Plaintiff after being notified over the telephone of his dispute and receiving his dispute letter requesting verification.

17. On or about August 3, 2006, after being advised by telephone and in writing that Plaintiff disputed the debt and requested verification, NCO nonetheless wrote and mailed to Plaintiff another letter attempting to collect the alleged debt. A copy of NCO's August 3, 2006 collection letter is attached hereto as Exhibit D.

18. The August 3, 2006 letter additionally violated the FDCPA in that it disclosed an allegedly due "Principal" amount of $150, and no other fees or charges, and yet demanded an "Amt Owed" of twice that amount, $300. *See* Exhibit D.

19. Defendant's actions as described above were in violation of the FDCPA.

20. Defendant knew or should have known that its actions violated the FDCPA. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance

with said law.

21. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has have sustained actual damages including, but not limited to, out-of-pocket expenses, emotional and mental anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.   CLAIMS

### Count One – FDCPA

23. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

24. Defendant NCO is a "debt collector" as defined by section 1692a(6) of the FDCPA.

25. Plaintiff Darren Del Nero is a "consumer" as defined by section 1692a(3) of the FDCPA.

26. The letters from NCO and the telephone call to the Plaintiff by Defendant was a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

27. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, 1692f(1) and 1692g, as described above.

28. As a result of the above violations of the FDCPA, Defendant is liable for actual damages, statutory damages and attorney's fees and costs.

## VI. JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered declaring that Defendant's actions as described above are in violation of the FDCPA;

(b) That an order be entered enjoining Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

(c) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**DONOVAN SEARLES, LLC**

By: _s/ David A. Searles_
David A. Searles, Esquire
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

DATE: October 27, 2006