**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DARREN DEL NERO,   )  | |
|   ) | |
|  Plaintiff,  ) | |
|   ) | Case No.: 06 C-4823 |
|  v.  ) | |
|   ) | Judge |
| NCO FINANCIAL SYSTEMS, INC.,  ) | Magistrate Judge: |
|   ) | |
|  Defendant.  ) | |

**ANSWER TO COMPLAINT**

NOW COMES defendant, NCO FINANCIAL SYSTEMS, INC. ("NCO"), by and through its attorney, Joan P. Depfer, of MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, and for its Answer to the plaintiff's Complaint, states as follows:

**I.  INTRODUCTION**

1. NCO admits that plaintiff purports to bring an action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), but denies any liability or wrongful conduct as may be alleged in Paragraph 1.

**II.  JURISDICTION AND VENUE**

2. NCO admits only that jurisdiction is proper, but denies any remaining allegations contained in Paragraph 2.

3. NCO admits only that venue is proper, but denies any remaining allegations contained in Paragraph 3.

### III.  PARTIES

4. NCO is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, which has the effect of a denial.

5. NCO admits that it is a corporation that operates a collection agency and that it does business in Pennsylvania, with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044.  NCO further admits that it regularly uses the mail and telephone to collect on debts alleged to be due another.  NCO further admits that, as a corporation, it acts through its employees and agents.  Except as specifically admitted, NCO denies the remaining allegations contained in Paragraph 5.

### IV.  FACTUAL ALLEGATIONS

6. NCO admits that its records indicate that Bank of America placed an account for collection in plaintiff's name with NCO.  Except as specifically admitted, NCO denies the remaining allegations contained in Paragraph 6.

7. NCO is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, which has the effect of a denial.

8. NCO admits that its records indicate that a letter of the type attached to the Complaint as Exhibit A was sent to plaintiff on or about June 29, 2006.  Except as specifically admitted, NCO denies any remaining allegations contained in Paragraph 8.

9. NCO admits that its records indicate that a letter of the type attached to the Complaint as Exhibit A was sent to plaintiff on or about June 29, 2006 and further submits that the document is the best evidence of its content.  Except as specifically admitted, NCO denies any remaining allegations contained in Paragraph 9.

10. NCO denies the allegations contained in Paragraph 10.

11. NCO denies the allegations contained in Paragraph 11.

12. NCO denies the allegations contained in Paragraph 12.

13. NCO is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13, which has the effect of a denial.

14. NCO is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14, which has the effect of a denial.

15. NCO admits only that Section 1692g(b) of the FDCPA states that "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." NCO denies that it acts as a debt collector in all circumstances and denies any remaining allegations contained in Paragraph 15.

16. NCO denies the allegations contained in Paragraph 16.

17. NCO admits only that its records indicate that a letter of the type attached to the Complaint as Exhibit D was sent to plaintiff on or about August 3, 2006. Except as specifically admitted, NCO denies the allegations contained in Paragraph 17.

18. NCO denies the allegations contained in Paragraph 18.

19. NCO denies the allegations contained in Paragraph 19.

20. NCO denies the allegations contained in Paragraph 20.

21. NCO denies the allegations contained in Paragraph 21.

22. NCO denies the allegations contained in Paragraph 22.

## V.  CLAIMS

### Count One – FDCPA

23. NCO reasserts and re-avers its responses to Paragraphs 1-22 of plaintiff's Complaint as though fully set forth herein.

24. NCO admits that when it acts as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), its actions may be subject to the FDCPA.  Except as specifically admitted, NCO denies the allegations contained in Paragraph 24.

25. NCO is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, which has the effect of a denial.

26. NCO admits only that the letters attached to plaintiff's Complaint as Exhibits A and D constitute communications relating to a debt as defined by the FDCPA.  Answering further, NCO specifically denies that any phone calls were made to plaintiff regarding the debt alleged and denies any remaining allegations contained in Paragraph 26.

27. NCO denies the allegations contained in Paragraph 27.

28. NCO denies the allegations contained in Paragraph 28.

## VI.  JURY TRIAL DEMAND

29. NCO admits only that plaintiff demands a trial by jury.

**WHEREFORE**, defendant, NCO FINANCIAL SYSTEMS, INC., respectfully requests that this Answer be deemed good and sufficient, plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's cost, pursuant to federal and state law, plaintiff be ordered to pay reasonable attorney's fees and costs for NCO FINANCIAL SYSTEMS, INC., and for all other general and equitable relief.

AND NOW, in further answer to plaintiff's Complaint, NCO avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against NCO upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted against NCO are barred by the applicable statute of limitations, including the one-year statute of limitations for violations of the FDCPA. See 15 U.S.C. §1692k(d).

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

All of NCO's actions complied with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to the extent said laws are applicable to this matter, if they are applicable at all.

### SIXTH AFFIRMATIVE DEFENSE

If NCO violated the FDCPA, which is denied, Plaintiff has incurred no actual damages

as a result of these purported violations.

### SEVENTH AFFIRMATIVE DEFENSE

In the event plaintiff is able to adequately plead a violation of the FDCPA, plaintiff's entitlement to statutory damages is capped at $1,000 per action, not per defendant or per violation. See *Brown v. Law Offices of Butterfield*, 2004 U.S. Dist. LEXIS 9822, *16 n8, Civil Action No. 03-CV-05850 (ED Pa., May 24, 2004) and see *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992); *Donahue v. NFS, Inc.*, 781 F. Supp. 188, 191 (W.D.N.Y. 1991); *Wiener v. Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); *Beattie v. D.M. Collections, Inc.*, 764 F. Supp. 925, 928 (D.Del. 1991); *Harvey v. United Adjusters*, 509 F. Supp. 1218, 1222 (D.Or. 1981).XIS 1764, *1, Civil Action No. 99-4228 (E.D. Pa, Jan. 31, 2002) (citing *Weinberg v. Sun Co., Inc.*, 565 Pa. 612 (Pa. 2001)).

**WHEREFORE**, defendant, NCO FINANCIAL SYSTEMS, INC., respectfully requests that this Answer be deemed good and sufficient, plaintiff/debtor's lawsuit be dismissed, with prejudice, at plaintiff/debtor's cost, pursuant to federal and state law, plaintiff/debtor be ordered to pay reasonable attorney's fees and costs for NCO FINANCIAL SYSTEMS, INC., and for all other general and equitable relief.

                                              s/ Joan P. Depfer / jpd9369
                                              Joan P. Depfer, Esq.
                                              Marshall, Dennehey, Warner, Coleman & Goggin
                                              1845 Walnut Street
                                              Philadelphia, PA 19103-4797
                                              215-575-2600

*Of Counsel:*

Shannon M. Geier
SESSIONS, FISHMAN & NATHAN OF IL, L.L.C.
1000 Skokie Boulevard, Suite 430
Wilmette, IL  60091
Phone:  (847) 853-6100
Fax:     (847) 853-6105
E-mail:  sgeier@sessions-law.com

DATED: December 20, 2006          Attorneys for Defendant, NCO FINANCIAL SYSTEMS, INC.