# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

DARREN DEL NERO,

    Plaintiff

vs.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

Case No.: 2:06-cv-04823-RB

**ORDER TO SEAL PARTIAL RECORD [PROPOSED]**

GOOD CAUSE APPEARING,

The Clerk of the Court is directed to SEAL Document 1 consisting of the complaint and its exhibits.

IT IS SO ORDERED.

Dated:

_____
District Court Judge

Darren Del Nero
1140 Wall Street, Box 77
La Jolla, CA 92038
Tel: 916.674.9865

Pro Per

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

DARREN DEL NERO,

    Plaintiff

vs.

NCO FINANCIAL SYSTEMS, INC.

    Defendant.

Case No.: 2:06-cv-04823-RB

MOTION TO SEAL PARTIAL RECORD

PLEASE TAKE NOTICE, PLAINTIFF, DARREN DEL NERO, hereby files his motion to seal a portion of the record containing private information.

## INTRODUCTION

Plaintiff's specially appears before this court since the case has resolved and seeks only to seal a portion of the record. Specifically, Plaintiff was recently notified Document 1, Exhibit "A", "B" and "D" all contain financial account numbers. Plaintiff is advised redaction of the record is impossible, and therefore requests sealing of Document 1. Federal Rule of Civil Procedure Rule § 5.2 (a)(4) requires only the last four digits of an account number is allowed. Here, counsel for Plaintiff mistakenly filed the exhibits without redaction. The financial account number is not exempted under § 5.2(d) since it is a private bank's account number and therefore should be sealed.

**I.   THE PARTIAL RECORD SHOULD BE SEALED SINCE PRIVATE INFORMATION IS PRESENT IN THE RECORD**

Privacy rights, along with trade secrets and other limited types of rights, have long been held to warrant sealing of records. *See, e.g., Nixon v. Warner Communications, Inc.,*

1  435 U.S. at 598; *Brown & Williamson Tobacco Corp. v. F.T.C.* (6th Cir. 1983) 710 F.2d
2  1165, 117 cert. denied, 465 U.S. 1100 (1984).

Federal Rule of Civil Procedure Rule § 5.2 states in pertinent part,

(a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
 (1) the last four digits of the social-security number and taxpayer-identification number;
 (2) the year of the individual's birth;
 (3) the minor's initials; and
 (4) <u>the last four digits of the financial-account number</u>. (Emphasis added)

Rule 5.2(e) provides, inter alia, that "[f]or good cause, the court may by order in a case...require redaction" of documents filed with the court. Fed. R. Civ. P. 5.2(d) and (e).

In the instant case, Document 1 [complaint], Exhibit "A", "B" and "D" contains financial account number information.[1] Since it appears redaction post scanning into PACER is impossible, Plaintiff requests this court seals Document 1.

## **CONCLUSION**

It is for the above reasons this motion should be granted since the records sought to be sealed are clearly within the purview of record laws were enacted to prevent being disclosed. As such Plaintiff requests this motion is granted.

Dated:     July 9, 2012                    Respectfully submitted,

                                           *[signature]*
                                           Darren Del Nero
                                           Plaintiff

---

[1] Plaintiff requests this court take judicial notice of Document 1. A court may take judicial notice of its own files. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)

MOTION TO SEAL PARTIAL RECORD - 2

## Case No. 2:06-cv-04823-RB
## PROOF OF SERVICE BY MAIL

I the undersigned declares as follows: I am in the County of San Diego, State of CALIFORNIA where this mailing will occur; I am over the age of eighteen (18) years and not a party to the cause; my business address is 1140 Wall Street, Box 77, La Jolla, Ca 92038.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and the fact that the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business.

On July 12, 2012, I served the foregoing **MOTION TO SEAL PARTIAL RECORD AND PROPOSED ORDER** on the interested parties in this action by placing the correspondence in a sealed envelope on this date in the County of San Diego, and placing it for deposit with the United States Postal Service. This sealed envelope with postage fully prepaid was then placed for collection and mailing on this date following ordinary business practices addressed as follows:

**Clerk of the Court**
**U.S. District Court**
**601 Market Street, Room 2609**
**Philadelphia, PA 19106-1797**

**Sessions Fishman Nathan & Israel**
**3850 North Causeway Boulevard. Suite 200**
**Metairie, LA 70002-7227**

I certify and declare under penalty of perjury under the laws of the United States of America and State of Pennsylvania that the foregoing is true and correct.

Executed July 12, 2012, at Coronado, California.

