

Darren Chaker-Del Nero
Post Office Box 77
La Jolla, CA 92038
DarrenChaker@Gmail.com
Specially Appearing Pro Per

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

DARREN DEL NERO,

      Plaintiff,

  vs.

NCO FINANCIAL SYSTEMS, INC.,

      Defendant.

Case No.: 2:06-cv-04823-RB

**EX PARTE MOTION TO SEAL RECORDS; DECLARATION**

**[FILED CONDITIONALLY UNDER SEAL]**

    PLEASE TAKE NOTICE, PLAINTIFF, hereby files his ex parte motion to seal a portion of the record containing private information[1].

## INTRODUCTION

    As a result of escaping two near death experiences, Plaintiff entered the Safe at Home Program[2]. Government Code § 6205, defines the program: "The Legislature finds that persons attempting to escape from actual or threatened domestic violence, sexual assault, stalking, human trafficking, or elder or dependent adult abuse frequently establish new names or addresses in order to prevent their assailants or probable assailants from finding them."

    As technology and avenues to locate people have evolved, so has the law with taking preventative measures to protect information about a participant:

---

[1] Plaintiff thanks pro-bono assistance from victim advocates.
[2] See Exhibit A.

**EX PARTE MOTION TO SEAL RECORD - 1**

- **Confidential Mail Forwarding (per Government Codes §6207):** A designated Safe at Home mailing address, as well as other services that provide additional security are offered to participants to use at their discretion and as part of an overall safety plan;

- **Confidential Voter Registration:** Participants' voter registration information is kept confidential from campaigns, pollsters and the media. (per Election Code §2166.5);

- **Confidential Mail Forwarding** (per Government Codes §6207): A designated Safe at Home mailing address, as well as other services that provide additional security are offered to participants to use at their discretion and as part of an overall safety plan;

- **Public Records to Display Safe at Home Address:** Pursuant to Government Code, sections, 6207 and 6215.5 a program participant may request California state, county, city agencies and the courts to use his or her designated Safe at Home mailing address;

- **Sealed Name Change:** Section 22101.3 - Confidential Name Changes under Chapter 3.1 (commencing with section 6205) of Division 7, Title 1 of the Government Code;

- **Data-Brokers Must Cease Offering Data About Participants:** California businesses can play an important role in preventing the exchange and sale of confidential address information. According to Section 6208.1(b)(1) of the Government Code, a Safe at Home participant may make a written demand of a person, business, or association to remove any display of their home address or telephone number from the internet. Any entity receiving such a notice is forbidden from publicly posting person information about the participant and faces criminal charges[3] for failing to do so;

- **Banks:** A ruling (FIN-2009-R003) by the United States Department of Treasury Financial Crimes Enforcement Network or FinCEN, issued on November 3, 2009, allows financial institutions to use an address designated by the Safe at Home Program instead of the confidential residential address of the participant;

---

[3] *See* Sections 6206.5, 6206.7, 6208, 6215.3, 6215.4 and 6215.7 of, and added Sections 6208.1, 6208.2, and 6218.1 to, the Government Code.

**EX PARTE MOTION TO SEAL RECORD - 2**

- **Real Estate Transactions:** The California legislature, in Government Code Section 6209.5(a), authorizes Safe at Home participants to request that their residential address be replaced on real property deeds, change of ownership forms and deeds of trust with their Safe at Home designated mailing address. The legislature requires California government agencies to comply with the participant's request per Government Code § 6207(a)(1) unless certain governmental circumstances apply; and ***most relevant here***;

- **Civil Record Sealing:** In 2020 California enacted Code of Civil Procedure § 367.3 which expressly authorizes a protected person to file a motion to seal all or part of a record already in the public file (see Code Civ. Proc., § 367.3(b)(4)).

Plaintiff now makes this request to this honorable court to seal the record consistent with § 367.3.

## I.   THE RECORD SHOULD BE SEALED SINCE IT CONTAINS NUMEROUS REFERENCES TO PROTECTED INFORMATION CALIFORNIA LAW FORBIDS DISCLOSURE OF

### A.  <u>Criteria to Grant the Instant Motion.</u>

The applicant's status as an active participant[4] in the Safe at Home program under Code of Civil Procedure section 367.3, itself, constitutes the "specific facts" supporting the motion necessary to retroactively seal documents. Status as an active participant constitutes "specific facts" sufficient to support the motion.    Specifically, Rule 2.550 of the California Rules of Court requires that the court "specifically state the facts" that support its findings to place a document under seal. (Cal. Rules of Court, rule 2.550(e).)

On September 25, 2020, the Report to the Judicial Council, Item No.: 20-167 was issued and concluded that the applicant's status as an active participant in the Safe at

---

[4] "Protected person" means a person who is an active participant in the address confidentiality program created pursuant to Chapter 3.1 (commencing with Section 6205) of Division 7 of Title 1 of the Government Code.

**EX PARTE MOTION TO SEAL RECORD - 3**

Home program under Code of Civil Procedure section 367.3, itself, constitutes the "specific facts" supporting the motion necessary to retroactively seal documents. In support of this sole criteria, Plaintiff provides the court with proof of being a participant in the program. Thus, the only criteria when deciding this motion is if the party is a current participant. Plaintiff provides this honorable Court with proof of enrollment[5] and a letter confirming his California DMV records have been suppressed[6].

## B. **The Court May Seal the Entire Record Where the Important Privacy Rights and the Safety of the Moving Party is Endangered.**

California law allows a court "to proceed in that action using a pseudonym and to exclude or redact other identifying characteristics of the person from all pleadings and documents filed in the action. CCP § 367.3(a), (b)(1).[7]"

The Ninth Circuit found constitutional privacy rights or "zones" exist in *Planned Parenthood of S. Arizona v. Lawall*, 307 F.3d 783 (9th Cir. 2002):

> "Privacy interest in avoiding disclosure of sensitive personal information, or **right to informational privacy**, applies both when individual chooses not to disclose highly sensitive information to government and when an individual seeks assurance that such information will not be made public." (emphasis added)

California vested Plaintiff with a zone of privacy by defining that zone by § 367.3(a)(1) & (2). It is a zone which serves the purpose of keeping victims unharmed.

The "right to inspect and copy judicial records is not absolute," and "that the decision as to access is one best left to the sound discretion of the trial court, a discretion

---

[5] Exhibits B & C.
[6] Exhibit D.
[7] See XXV. [§ 4.167]PROTECTING IDENTITY OF PLAINTIFF WHO IS PARTICIPANT IN ADDRESS CONFIDENTIALITY PROGRAM:, Cal. Judges Benchbook Civ. Proc. Discovery § 4.167.

**EX PARTE MOTION TO SEAL RECORD - 4**

to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 598-99. in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)

The Ninth Circuit has permitted parties to proceed by pseudonym where it "is necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 at n. 1 (9th Cir. 1981). Parties are allowed to use pseudonyms "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." See *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

The First Amendment and common law confer "qualified" access rights that can be overcome by sufficiently important government interests. See *United States v. Doe* (9th Cir. 2017) 870 F.3d 991, at 998. Where the First Amendment right is at issue, documents and proceedings in a case *may be closed to the public* when "three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* (quoting *Oregonian Publ'g Co.*, 920 F.2d at 1466); see also *Times Mirror*, 873 F.2d at 1211 n.1 ("the public still can be denied access if closure is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest") (internal quotation marks and citation omitted).

Put simply, Plaintiff meets the three criteria: First, the compelling interest is the fact the statute was created to safeguard a protected class of people (Safe at Home Participants); Second, there is a "substantial probability" harm would come to the

**EX PARTE MOTION TO SEAL RECORD - 5**

Plaintiff by virtue of precisely why the statute was passed – to prevent protected information from being made available through public records. The statute was invoked due to victims being located and stalked or otherwise harmed. Plaintiff's victimization was due to acts of violence and his fear materialized into needing to enter Safe at Home. The third criteria is met since no other alternatives exist other than sealing the file and replacing the Plaintiff's name with "John Doe".

Additionally, in *Does I thru XXIII* the Ninth Circuit has recognized three classes of cases where anonymity is justified despite the general rule in favor of disclosure: (1) when identification creates a risk of *retaliatory physical or mental harm*; (2) when *anonymity is necessary to preserve privacy* in a matter sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. In this matter, both a risk of harm and preservation of privacy in a sensitive matter are implicated.

Here, the first two criteria *Does I thru XXIII* are met where "retaliatory physical or mental harm" since death threats to Plaintiff may then be carried out and "privacy in a matter sensitive and highly personal nature" since California law has found the classes of protected information sought to be sealed invoke a right to privacy. *See* definitions of protected information Cal. Civ. Proc. Code § 367.3 (a) (1) & (2) (West).

Plaintiff's right to privacy has resulted in sealing several court records. Most recently, a Nevada court granted a motion based on § 367.3. In that case, Plaintiff's former family law attorney had failed to serve papers to enforce a child custody action and delineated most tasks to the paralegal. The family law case was dismissed and the

**EX PARTE MOTION TO SEAL RECORD - 6**

former attorney refused to refund the retainer. Plaintiff blogged about the attorney's past four suspensions and how his paralegal, Matthew Katz, was ultimately arrested for the Unlawful Practice of Law[8].    The attorney, Thomas Michaelides, sued, lost an anti-SLAPP, and was sanctioned $52,000 for forging a court order[9] and sending it to Google to de-index links critical of the law firm. Counsel for the Defendant in that case filed a Motion to Seal Records premised on § 367.3. On May 12, 2021, the Nevada court issued an order sealing the case file, changing Plaintiff's name on the caption as "John Doe", and restricting the Mr. Michaelides in that case from disseminating[10] any records concerning the case[11].

Tellingly, the U.S. District Court, District of Nevada has recognized that compelling reasons exist when the information at issue can be used for "improper purposes" such as "scandal, libel or harassment." *Goodman v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-01447-MMD, 2013 WL 5743638, at *3 (D. Nev. Oct. 16, 2013).

The Ninth Circuit agrees with sealing such material if they serve no other purpose than "improper purposes" such as "scandal, libel or harassment." The Ninth Circuit

---

[8] See Sheriff Press Release,
https://m.facebook.com/nyecountysheriff/photos/a.512919192184594.1073741827.51291685551
8161/718202491656262/?type=3&theater

[9] See Exhibit E (State Bar Charging Document); UCLA Law Prof. Eugene Volokh who was a consultant for the defendant also wrote an article about the case.  Nevada Lawyer Accused of Complicity in Forging a Court Order to Vanish Online Criticism,
https://reason.com/volokh/2020/12/16/nevada-lawyer-accused-of-complicity-in-forging-a-court-order-to-vanish-online-criticism/

[10] § 367.3 (D) "Following final disposition of the proceedings a party in possession of any pleading, discovery document, or other document containing confidential information of the protected person obtained in the course of the action shall treat the documents as a nonpublic consumer record in accordance with Section 1798.81 of the Civil Code, subject to penalty for violations of that section."

[11] See Exhibit F.

**EX PARTE MOTION TO SEAL RECORD - 7**

indicated that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.[12]'"

There can no more of an "improper purpose" to justify sealing records where a person's life is endangered and the State of California has acknowledged that danger when vetting Plaintiff's application to be included in the Safe at Home Program.

## C. **The Governmental Interest in Sealing Records is Justified Where the Right to Inspect Court Records is Trumped by the Individuals Right to be Free From Harm.**

The threat is real: court records offer an abundance of intelligence to data-brokers whose business it is, is to sell information about people. Money has no conscience when it comes to a stalker with a pre-paid card to cover his tracks desiring to locate a person.

The Governmental interests in keeping crime victims who are targeted for death or severe bodily hard is clear. California passed and has repeatedly expanded the laws governing the Safe at Home Program to keep its citizens alive. As succinctly stated in the intent of the law, 2019 CA A.B. 800 (NS),

> Unfortunately, when participants use the court system, court filings and associated documents (including names, addresses , tele p h o n e nu m b e r s , etc.), are public records . As a result, survivors of domestic violence, sexual assault, stalking and other Californians intended to be protected by Safe At Home are faced with a choice: they can exercise their rights to use the court syst e m , where they can be found by **predators who need only go to the**

---

[12] *See*, e.g., *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-CV-00053-GMN, 2014 WL 551563, at *1 (D. Nev. Feb. 7, 2014), citing *Kamakana. v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) and Nixon, 435 U.S. at 598, 98 S.Ct. 1306, 55 L.Ed.2d 570.

**EX PARTE MOTION TO SEAL RECORD - 8**

**court records , often available online, to track them down**, or they can fore go their rights guaranteed under law. (emphasis added)

Further, if the entirety of the case is not sealed, and Plaitiff's name remains in the caption, he risks disclosure of his statutorily protected information and his safety is clearly at risk. To wit, it would not take many steps to locate the location of Plaintiff by reviewing material within the file the State of California has deemed to be protected information. California has encapsulated the deinfinition of protected information in a very broad manner in Code of Civil Procedure § 367.3(a),

> (1) "Identifying characteristics" means the name or any part thereof, address or any part thereof, city or unincorporated area of residence, age, marital status, relationship to other parties, and race or ethnic background, telephone number, email address, social media profiles, online identifiers, contact information, or any other information, including images of the protected person, from which the protected person's identity can be discerned.

> (2) "Online identifiers" means any personally identifying information or signifiers that would tie an individual to a particular electronic service, device, or internet application, website, or platform account, including, access names, access codes, account names, aliases, avatars, credentials, gamer tags, display names, handles, login names, member names, online identities, pseudonyms, screen names, user accounts, user identifications, usernames, Uniform Resource Locators (URLs), domain names, Internet Protocol (IP) addresses, and media access control (MAC) addresses.

Each of § 367.3(a) sections are intended to protect a Safe at Home Participant by excavating every shred of identifying information which may exist in a public record and then replacing the Plaintiff's name with John Doe. California understands the significance of blocking every potential identifier since public records are often electronically scraped by automated systems for data-brokers.

**EX PARTE MOTION TO SEAL RECORD - 9**

**D. The Right to Informational Privacy in an Information Age Requires Public Records are Sealed Especially Since so Much Data is Minded from Public Records.**

By California giving such a broad definition of what is deemed protected information gives Plaintiff a right to privacy in that information or "personal matters"[13] warranting sealing. Making information public in a court filing is one thing; sharing government agency documents through a public records act request that, as in this case, will in turn be published on the Internet, is another. "We live in a time that has commonly been referred to as The Information Age. Technological advances have made ... it possible to generate and collect vast amounts of personal, identifying information.... The advent of the Internet and its proliferation of users has dramatically increased, almost beyond comprehension, our ability to collect, analyze, exchange, and transmit data, *12 including personal information." *State ex rel. McCleary*, 725 N.E.2d at 1149.7 "Posting on the Internet is kind of like a bell you can't unring.[14]"

The state interest in protecting crime victims by limiting information which may assist in locating the victim is similarly etched into the state constitution. Under Marsy's Law, the addition of Victim's Rights was included in the California Constitution article I, § 28, section (b)(4) and states,

/    /    /    /

---

[13] *See Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 457, 97 S. Ct. 2777, 53 L. Ed. 2d 867 (1977) ("One element of privacy has been characterized as 'the individual interest in avoiding disclosure of personal matters . . . .'").

[14] Jess Bidgood, After Arrests, Quandary for Police on Posting Booking Photos, N.Y. Times (June 26, 2015), https://www.nytimes.com/2015/06/27/us/after-arrests-quandary-for-police-on-posting-booking-photos.html (quoting a police chief about posting mug shots on Facebook).

**EX PARTE MOTION TO SEAL RECORD - 10**

1
2
3
4
5

> **To prevent the disclosure of confidential information** or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, **which could be used to locate or harass the victim or the victim's family** or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law. (emphasis added)

6
7
8
9
10

Code of Civil Procedure § 367.3 was passed and protected information was so broadly defined with numerous references to thwart technological methods of tracking people[15] to thwart how many data-brokers gather and distribute information to anyone with a credit card and many for free[16].

11
12
13
14
15
16
17
18

Today, any of dozens of websites offer address history, phone number, and current address information for virtually every person in the United States for free or for a dollar. Data-brokers scan, dockets, court files, then convert the raw data into a profile ready to be offered to anyone. For example, one data broker's homepage boasts that "[w]ith one click [you can] search over 300 million criminal records drawn from the archives of US courts and correctional facilities.[17]"

19
20
21
22

A far better example can be seen where Plaintiff is forced to subscribe to a privacy company whose focus is removing people from skip-trace databases. A screen shot of the Dashboard of OneRep.com which Plaintiff subscribes to indicates as of April

23
24
25
26
27
28

---

[15] *See generally*, § 367.3(a), "gamer tags, display names, handles, login names, member names, online identities, pseudonyms, screen names, user accounts, user identifications, usernames, Uniform Resource Locators (URLs), domain names, Internet Protocol (IP) addresses, and media access control (MAC) addresses."

[16] "Whitepages provides the top free people search and tenant screening tool online with contact information for over 250 million people including cell phone numbers…"
https://www.whitepages.com/person (last visited May 12, 2021)

[17] Criminal Records, Inforegistry, http://www.inforegistry.com/index.php?page=criminal_records (last visited May 16, 2021).

**EX PARTE MOTION TO SEAL RECORD - 11**

1   16, 2021, Plaintiff has been removed from over 740 sites in the last year alone, 446

2   potential sites selling information exist, and 19 removals are in progress:

| 740 | 446 | 19 | 721 |
|---|---|---|---|
| Profiles found | Potential sites | Removals in progress | Removed |

Last scanning: 4/18/2021 13:58
Next scanning: 5/19/2021 13:58   Why my private info is public?

| WAS FOUND ON | PROFILE | LOCATION | PHONE | STATUS |
|---|---|---|---|---|
| infotracer.com | Darren Chaker | Los Angeles, CA | Available | Removed |
| recordsfinder.com | Darren Chaker | Los Angeles, CA | Available | Removed |

12      Data-brokers simply regurgitate public records information and feed it back into

13   websites to sell to anyone with a credit card or often for free. The privacy tug-of-war is

14   ongoing where Plaintiff has also taken measures to freeze credits reports, removal from

15

16   Westlaw, Lexis, First Advantage, IDI Database, Dataline and removed himself from

17   marketing lists[18].

18      Essentially, prior to the invention of the internet and the creation of the private

19

20   data-broker industry, the primary--if not singular--way of obtaining information about

21   an individual's criminal record for the purpose of finding background information was

22

23   by obtaining information directly from a state agency. Now, however, we live in a

24   different era. Consumer reports that contain public records that are now widely

25   available through the use of third-party private background check companies and

26

27

28

---

[18] *See* Exhibits F-R.

**EX PARTE MOTION TO SEAL RECORD - 12**

oftentimes directly over the internet. Logan Danielle Wayne, <u>The Data-Broker</u>
<u>Threat</u>:102 J. Crim. L. & Criminology 253, 262 (2012)

A growing data brokerage industry has access not only to public record
information, but countless other data points about consumers that are used for
marketing, risk mitigation, background investigation, and more. Fed. Trade Comm'n,
<u>Data Brokers</u>: <u>A Call For Transparency and Accountability</u> 23-35 (May 2014); Pam
Dixon & Robert Gellman, <u>The Scoring of America: How Secret Consumer Scores</u>
<u>Threaten Your Privacy and Your Future</u>, World Privacy Forum 19 (April 2, 2014).

These companies – such as Spokeo, Axciom, Verisk, Equifax - gather
information from online and offline sources to create detailed profiles about consumers,
then resell that information to websites who distribute that information online for a
small fee. In addition to public record data from all levels of government, profiles often
are supplemented with purchase data from retailers and catalog companies, pre-existing
profiles from other data brokers, and information from press reports, blogs, and social
media services. Fed. Trade Comm'n, <u>Data Brokers</u> at 11-14 (providing a detailed list of
information sources for data broker profiles).

Under these decisions, the materials that Plaintiff seeks to seal fall outside the
common law right of access for two reasons. First, as set forth above, California law
establishes a comprehensive scheme that governs sealing and sets the boundaries on
disclosures. Second, the select class of people allowed to take advantage of this avenue
are particularly vulnerable where they have been victims of violent crime and continue to
fear for their lives, thus inducted into the Safe at Home Program.

**EX PARTE MOTION TO SEAL RECORD - 13**

Laws throughout the country have been passed to prevent the dissemination of crime victims in public records. "State legislators have pursued a number of strategies to protect crime victims from the potential stigma of publicity, including prohibiting the publication of victim identity, requiring the redaction [of] names or use of pseudonyms in police reports and court filings, allowing victims to *16 request redaction or the use of pseudonyms in official documents, protecting victims from the normal requirement that witnesses identify themselves on the public record at trial, exempting police reports and court filings relating to certain crimes from public records requirements, and allowing trials to be closed to the public in some circumstances." Charles Putnam and David Finkelhor, "Mitigating the Impact of Publicity on Child Crime Victims and Witnesses," Handbook on Children, Culture, and Violence, 113, 119 (2006). Both the legislature and the courts protect victim privacy by carefully balancing the privacy right and interest with the rights of the accused and respect for open courts.

For example, South Carolina "criminalizes publication of a rape victim's name. The statute makes it a misdemeanor to publish the name (but not the image or other identifying information) of victims of criminal sexual conduct." *Id.* at 120 (citing S.C. Code Ann. §§ 16-3-652-656 (2002); Ga. Code Ann. § 16-6-23 (2004)). "Texas gives victims of sexual crimes the right to be referred to by pseudonym in all public files and records concerning the offense, including police summary reports, press releases, and records of judicial proceedings. Victims who elect to use this procedure complete a 'pseudonym form' developed and distributed by the Sexual Assault Prevention and Crisis Services Program of the Texas Department of Health, which records their name, address,

**EX PARTE MOTION TO SEAL RECORD - 14**

telephone number, and pseudonym." Id. at 121 (citing Tex. Code Crim. Proc. Ann. art. 57.02 (West 2002)).

Plaintiff qualifies in this respect as part of the protected class whereby he has passed vigorous scrutiny with an in-person interview and provided extensive documentation to be included in the Safe at Home Program. Harm[19] to Plaintiff is inevitable if this Court does not grant this motion. In *Varo v. Los Angeles Cnty. Dist. Attorney's Office*, Case No. CV 18-9025-DMG (KSx), 2019 WL 6434557, at *1 (C.D. Cal. Aug. 14, 2019}, victims and witnesses to a violent crime, as well as their family members, claimed the county violated their constitutional right to informational privacy by disclosing their information to the perpetrator, who subsequently threatened and shot one of the victim's family members. The disclosure occurred when the prosecutor handed the perpetrator a criminal protective order that was meant to prevent him from approaching the victims, but the order contained the plaintiffs' **unredacted "identifying information."** *Id.* (emphasis added)

Plaintiff humbly requests this honorable Court adopt the findings of the California Secretary of State who administers the program, find Plaintiff is at risk, and seal the case.

---

[19] Harm is inevitable if this motion is not granted. *See Polakoff v. Polakoff*, No. B246029, 2013 WL 5477463, at *4 (Cal. Ct. App. Oct. 2, 2013) (conduct that disturbs the peace by destroying a person's mental or emotional calm qualifies); *In re Marriage of Evilsizor & Sweeney*, 237 Cal. App. 4th 1416, 1425, 189 Cal. Rptr. 3d 1, 9 (Cal. Ct. App. 2015) (party disturbed the peace by "either disclosing or threatening to disclose to third parties for no particular reason intimate details of [their] lives"); *In re Marriage of Bertram & Henry*, No. A129204, 2011 WL 1195881, at *6 (Cal. Ct. App. Mar. 29, 2011) (allegations of "threatening [husband] with damaging disclosure of attorney-client privileged communications" qualify); *Powers v. Watson*, No. A113227, 2006 WL 2578875, at *2 (Cal. Ct. App. Sept. 8, 2006) (threat to release personal information qualifies).

**EX PARTE MOTION TO SEAL RECORD - 15**

1
2

## II.   THE COURT SHOULD EMBRACE CALIFORNIA LAW TO DECIDE THIS MOTION SINCE FEDERAL LAW IS SILENT ON THE ISSUE

3      The recognition of important state interests which do not conflict with federal law

4  is a bedrock principle of our federal system. "Consideration under the Supremacy Clause

5
6  starts with the basic assumption that Congress did not intend to displace state laws."

7  *Maryland v. Louisiana*, 451 U.S. 725, 746, 101 S.Ct. 2114, 2128, 68 L.Ed.2d 576 (1981)

8  (preemption case).

9      It has been the policy of the court, "when state privilege law is consistent, or at

10
11  least compatible, with federal privilege law," to read the two together "in order to

12  accommodate the legitimate expectations of the state's citizens." *Id.* at 688.

13      In *Maldonado v. Sec'y of Cal. Dept. of Corrections and Rehabilitation*, 2007 U.S.

14
15  Dist. LEXIS 91084, 2007 WL 4249811, *5 (E.D. Cal. 2007), the Court looked at a

16  California privacy statute aimed at keeping juvenile records private. The Court looked

17  to California law and noted that courts have found that section 827 "could not purport to

18
19  bind the federal courts," but recognized the important privacy issues behind section 827:

20          . . .unless the state law was inconsistent with federal law on the
21          subject, comity required that the state law be respected if at all
           possible given the needs of this case. Section 827 was not found to be
22          inconsistent with federal law, and the court applied an analysis
           weighing the needs of the case versus the state interest in keeping the
23          juvenile information confidential.... The statute evidences the general
24          policy of favoring confidentiality of juvenile records, intended to
           protect the privacy rights of the child at issue. *R.S. v. Superior Court*,
25          172 Cal.App.4th 1049, 1054, 91 Cal. Rptr. 3d 546 (2009). (emphasis
26          added)
      Similarly, federal courts frequently look to state law for guidance in § 1983
27
28  lawsuits. Indeed, the Supreme Court has recognized: In 42 U.S.C. § 1988,

**EX PARTE MOTION TO SEAL RECORD - 16**

Congress 'quite clearly instructs [federal courts] to refer to state statutes' when federal law provides no rule of decision for actions brought under § 1983 .... [B]y its terms, § 1988 authorizes federal courts to disregard an otherwise applicable state rule of law <u>only if the state law is 'inconsistent with the Constitution and laws of the United States.</u>' (emphasis added)

*Board of Regents, etc v. Tomanio*, 446 U.S. 478, 484-85, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980) (citations omitted).

In this instance, federal law does not have a statute similar to the Safe at Home Program or any of the other of dozens of similar programs throughout the nation aimed at keeping victims safe. The statute serves a single objective: keeping the victim alive, unharmed by closing avenues to learn more about the participant. Since federal law is silent on the criteria to justify sealing, Plaintiff requests the Court to look to California law when deciding the motion before it.

## CONCLUSION

It would serve no governmental interest to deny this motion; it also would undermine all of the concerted judicial and legislative efforts over the past several decades to protect the privacy of crime victims and encourage them to come forward. In other words, what the courts and legislatures have given to crime victims on the one hand would be taken away by public records acts and the Internet on the other.

It is for the foregoing reasons Plaintiff humbly requests this honorable Court to grant this motion by ordering the file is sealed and replace Plaintiff's name in the caption as John Doe.

Alternatively, if the Court declines to seal the entire case, Plaintiff requests the Court to replace Plaintiff's name in the caption as John Doe and direct the Clerk of the

1  Court to redact all protected information as defined by Code of Civil Procedure §

2  367.3(a) (1) & (2).

3

4  DATED: May 16, 2021                                    Respectfully submitted,

5  

6                                                          Darren Chaker-Delnero
                                                           Plaintiff

7

8              **DECLARATION OF PLAINTIFF:**

9         I, the undersigned, am the Plaintiff in this matter and if sworn would testify as

10  follows:
         I am a current member of the California Safe at Home Program. My

11  identification number is 3607.
         The exhibits are true and correct copies of the original documents.

12       I have received threats on my life via telephone and email. I have taken

13  numerous precautions to safeguard my privacy. I have a good faith belief the content I
    seek to seal/redact is covered under California law for members of the Safe at Home

14  Program. I fear if this motion is not granted it will only place me at additional risk of

15  harm.

16  I declare under penalty of perjury the foregoing is true and correct.

17
    Dated: 5-16-21

18

19                                                        Darren Chaker-Delnero
                                                          Plaintiff

20

21

22

23

24

25

26

27

28

**EX PARTE MOTION TO SEAL RECORD - 18**

# Dr. Shirley N. Weber
California Secretary of State



**Home**     **Registries**     **Safe at Home**

# About Safe at Home

**Safe at Home is** California's address confidentiality program administered by the California Secretary of State's office. The program, which provides a free post office box and mail forwarding service, is designed to help victims and survivors of domestic violence, stalking or sexual assault to start new lives in peace and to provide added protections to their overall safety plans.

**Safe at Home is not** a Witness Protection Program, nor does it provide relocation, counseling or legal services. Safe at Home laws apply to state and local government agencies, but not to private entities or to the federal government. Participants are not automatically qualified for other victim services programs; they must meet specific qualifications in order to be eligible for services administered by the Secretary of State's office, county Registrar of Voters offices, the California Superior Court System, and the California Department of Motor Vehicles.

## Available Services

### Agent for Service of Process

The Secretary of State acts as your agent for service of process to protect your address information from being disclosed to the other party in your court case. When you enroll, Safe at Home instructs the other party and his or her attorney to serve court-related correspondence on the Secretary of State's office in Sacramento. The service is then forwarded by certified mail to your confidential address. (**per Government Code section 6206(a)(5)**)

### Confidentiality for Children

If your children are enrolled, Safe at Home can provide an additional layer of protection for them, too. You can notify your enrolled child's school of your family's participation in Safe at Home and prevent sharing of information about your child. (**per Government Code section 6206(a)**)

### Confidential Mail-Forwarding

First-class mail is securely handled and forwarded to your confidential home or mailing address.

Ex. A



### State of California

## SECRETARY OF STATE

# *Darren Chaker DelNero*

**Congratulations!** You are officially enrolled as a member of the *Safe at Home* Confidential Address Program. By using your new substitute PO Box mailing address when creating government and public documents, your home, workplace or school location will remain confidential and free from public access.

I am pleased to administer this long overdue service to help protect survivors of domestic violence, stalking and sexual assault and that you chose to use *Safe at Home* as an addition to your overall health and safety plan.

Therefore, I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify that on the **6** day of **January, 2009, Darren Chaker DelNero**, is an active participant of the Safe at Home program established by Statutes of 1998, Chapter 1005 (SB 489) and 2000, Chapter 562 (SB 1318).



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this January 6, 2009.

*Debra Bowen*
Secretary of State

Ex. B



Ex.C

CALIFORNIA STATE TRANSPORTATION AGENCY                                    GAVIN NEWSOM, *Governor*



**DEPARTMENT OF MOTOR VEHICLES**
INVESTIGATIONS DIVISION
CONFIDENTIAL RECORDS UNIT
P.O. BOX 932391 MS N227
SACRAMENTO, CA 94232-3910



August 24, 2020

Darren Del Nero #3607
P.O. Box 1679
Sacramento, CA  95812

Dear Darren Del Nero:

RE:  DL/ID#: A7531455
VEH#:  8MZL788, A003432

The request submitted regarding the suppression of your records has been accepted.  Your records will only be accessible through the Confidential Records Unit (CRU).

All inquiries involving your records are subject to review by the CRU. A current phone number will be required in the event we need to contact you during normal business hours. To avoid delays or denials of requests, please provide the name of your automobile insurance company.   Any changes should be reported to this unit immediately.

As long as you continue to be an active participant in the Safe at Home Program, the suppression of your records will remain in effect until **April 23, 2023**.

Please note, photo identification will be required should you need to visit a Department of Motor Vehicles field office to process transactions involving your vehicle registration and/or driver license/identification card records.

If you have questions, please call (916) 657-7142.

Sincerely,

*Rachele*

Rachele
Senior Motor Vehicle Technician
Confidential Records Unit

INV 150 (REV. 7/2013) DMVWeb                    *A Public Service Agency*

EX. D

1   Case No: OBC20-0444

**FILED**

OCT 13 2020

STATE BAR OF NEVADA
BY: _B. Felix_
OFFICE OF BAR COUNSEL

### STATE BAR OF NEVADA

### SOUTHERN NEVADA DISCIPLINARY BOARD

STATE BAR OF NEVADA,               )
                                   )
      Complainant,            )
   vs.                            )        **COMPLAINT**
                                   )
THOMAS C. MICHAELIDES, ESQ.,       )
Nevada Bar No. 5425,               )
                                   )
      Respondent.            )

     PLEASE TAKE NOTICE that pursuant to Supreme Court Rule ("SCR") 105(2), a **VERIFIED RESPONSE OR ANSWER** to this Complaint **must be filed** with the Office of Bar Counsel, State Bar of Nevada ("State Bar"), 3100 W. Charleston Boulevard, Suite 100, Las Vegas, Nevada 89102, **within twenty (20) days of service of this Complaint**.  Procedure regarding service is addressed in SCR 109.

### General Allegations

    1.    Complainant, State Bar of Nevada, alleges that the Respondent, Thomas C. Michaelides, Esq. ("Respondent"), Nevada Bar No. 5425, is currently an active member of the State Bar of Nevada and at all times pertinent to this complaint had his principal place of business for the practice of law located in Clark County, Nevada.

    2.    Respondent engaged in acts of professional misconduct warranting the imposition of professional discipline as set forth below.

    3.    Darren Chaker retained Respondent on a child custody matter.

-1-

Ex. E

4.      Chaker was unhappy with Respondent's representation. As a result, in or about 2018, Chaker posted negative online reviews about Respondent.

5.      On August 7, 2018, Respondent filed a Complaint in the Eighth Judicial District Court against Chaker for claims of defamation, business disparagement, civil conspiracy, and injunctive relief.

6.      Respondent obtained permission from the Court to serve Chaker via publication.

7.      On November 19, 2018, Respondent filed a Notice of Entry of the Default.

8.      Thereafter on May 28, 2019, Respondent filed an Application for Entry of Default Judgment.

9.      At some point Chaker became aware of the case and retained counsel to set aside the default.

10.     A Motion to Set Aside Default was filed on January 28, 2020, by Chaker's attorney.

11.     According to the court docket, nothing was filed after the Application and before the Motion to Set Aside Default, and no hearing on the Application was ever held.

12.     On or about February 27, 2020, Respondent, or his agent sent a falsified court Order to Google in an attempt to have Google remove the negative online reviews.

13.     On March 31, 2020, Chaker filed a grievance with the State Bar of Nevada.

14.     The grievance explained that on February 27, 2020, Respondent's paralegal, Pete Novak, emailed him a falsified default judgment directing that he remove the negative online reviews about Respondent.

15.     In communication with the State Bar, Respondent admitted that he or his agent, Pete Novak, had sent the default judgment to Chaker in hopes that he would agree to a compromise.

16.     Supporting his claim that the default judgment was falsified, Chaker noted that:

        a.  No default judgment was reflected on the Court's docket;

-2-

b.  The file stamp on the default judgment is for the exact same date and time as the file stamp on the May 28, 2019, Application;

c.  The file stamp on the default judgment appears to have been copied and pasted from the Application, as you can see an errant pleading paper line that was not deleted;

d.  The May 28, 2019, date file-stamped on the default judgment makes no sense given that the date the document was purportedly executed was May 30, 2019; and

e.  The signature of Judge Crockett on the default judgment appears to have been copied from the Order Granting Motion for Publication filed September 19, 2019.

17.  On March 24, 2020, out of an abundance of caution, Chaker's counsel filed a supplement to the Motion to Set Aside and to strike the default judgment received by Chaker, even though it was not on the Court's docket.

18.  At the hearing on April 2, 2020, Respondent represented to the Court that his goal in the case was to get a judgment to take to Google, but the judgment he received was not specific enough for Google to remove the posts.

<u>**COUNT I**</u>

**RPC 3.3(a)(1) – Candor Toward the Tribunal**

19.  RPC 3.3(a)(1) states in relevant part:

(a)  A lawyer shall not knowingly:

(1)  Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

20.  Respondent represented to the court a court that his goal was to get a judgment to take to Google but failed to inform the court that he had already sent Google a falsified order.

21.  Respondent knew or should have known his conduct was improper.

22.  Respondent's conduct resulted in potential harm to legal profession and to the courts.

-3-

23.     In light of the foregoing including, without limitation, paragraphs 1 through 18, Respondent has violated RPC 3.3 (Candor Toward the Tribunal).

## COUNT II

### RPC 3.4(b) – Fairness to Opposing Party and Counsel

24.     RPC 3.4(b) states:

(b) Falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law.

25.     Respondent improperly sent a falsified default judgment to Darren Chaker to coerce him into removing negative online reviews about Respondent.

26.     Respondent's conduct resulted in harm to the legal profession.

27.     In light of the foregoing including, without limitation, paragraphs 1 through 18, Respondent has violated RPC 3.4 (Fairness to Opposing Party and Counsel).

## COUNT III

### RPC 4.1(a) – Truthfulness in Statements to Others

28.     RPC 4.1(a) states:

In the course of representing a client a lawyer shall not knowingly:

(a) Make a false statement of material fact or law to a third person.

29.     Respondent made a false statement to Google when he or his agent sent them a falsified default judgment in an attempt to have them remove the negative online reviews about him.

30.     Respondent's conduct resulted in harm to the legal profession.

31.     In light of the foregoing including, without limitation, paragraphs 1 through 18, Respondent has violated RPC 4.1 (Truthfulness in Statement to Others).

## COUNT IV

**RPC 4.2 – Communication with Persons Represented by Counsel**

32. RPC 4.2 states:

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

33. Respondent improperly contacted Darren Chaker by sending him the falsified default judgment knowing that he was represented by counsel.

34. Respondent's conduct resulted in harm to the legal profession.

35. In light of the foregoing including, without limitation, paragraphs 1 through 18, Respondent has violated RPC 4.2 (COmmunications with Persons Represented by Counsel).

**WHEREFORE**, Complainant prays as follows:

40. That a hearing be held pursuant to Nevada Supreme Court Rule 105;

41. That Respondent be assessed the actual and administrative costs of the disciplinary proceeding pursuant to SCR 120; and

///

///

///

///

///

///

1        42.    That pursuant to SCR 102, such disciplinary action be taken by the Southern Nevada

2    Disciplinary Board against Respondent as may be deemed appropriate under the circumstances.

3        **DATED** this  13  day of October, 2020.

4                                       **STATE BAR OF NEVADA**
                                        Daniel M. Hooge, Bar Counsel

5

6                                       Daniel Young (Oct 14, 2020 13:48 PDT)

7                                       Daniel T. Young, Assistant Bar Counsel
                                        Nevada Bar No. 11747

8                                       3100 W. Charleston Blvd, Suite 100
                                        Las Vegas, Nevada 89102

9                                       (702)-382-2200
                                        Attorney for State Bar of Nevada

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                           -6-

# Complaint - Michaelides OBC20-0444

Final Audit Report                                    2020-10-13

| | |
|---|---|
| Created: | 2020-10-13 |
| By: | Sonia Del Rio (soniad@nvbar.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAD-tVeAW-RwWjksXHXyTX4OHGbwW_gUh1 |

## "Complaint - Michaelides OBC20-0444" History

📄 Document created by Sonia Del Rio (soniad@nvbar.org)
   2020-10-13 - 8:46:56 PM GMT- IP address: 70.175.53.4

📧 Document emailed to Daniel Young (daniely@nvbar.org) for signature
   2020-10-13 - 8:47:23 PM GMT

📄 Email viewed by Daniel Young (daniely@nvbar.org)
   2020-10-13 - 8:47:57 PM GMT- IP address: 68.96.236.220

🖊 Document e-signed by Daniel Young (daniely@nvbar.org)
   Signature Date: 2020-10-13 - 8:48:13 PM GMT - Time Source: server- IP address: 68.96.236.220

✅ Agreement completed.
   2020-10-13 - 8:48:13 PM GMT

**Adobe Sign**

5/8/2021 2:00 PM

Electronically Filed
05/08/2021 2:00 PM

CLERK OF THE COURT

1  JAMES R. OLSON, ESQ.
   Nevada Bar No. 000116
2  STEPHANIE A. BARKER, ESQ.
   Nevada Bar No. 3176
3  BRANDON P. SMITH, ESQ.
   Nevada Bar No. 10443
4  OLSON CANNON GORMLEY & STOBERSKI
   9950 West Cheyenne Avenue
5  Las Vegas, NV 89129
   jolson@ocgas.com
6  sbarker@ocgas.com
   bsmith@ocgas.com
7  702-384-4012
   702-383-0701 fax
8  Attorneys for Defendant

9

10                      DISTRICT COURT

11                 CLARK COUNTY, NEVADA

12  THOMAS C. MICHAELIDES, an individual,
    THOMAS C. MICHAELIDES dba TCM LAW     CASE NO. A-18-779028-C
13  GROUP,                                DEPT. NO. XXIV

14                      Plaintiffs,

15             v.

16  JOHN DOE, an individual; DOES I-X,
17  inclusive; and ROE CORPORATIONS XI
    through XX,
18
                        Defendants.
19

20       **<u>ORDER GRANTING DEFENDANT'S MOTION TO SEAL OR REDACT</u>**

21

22       Defendant's Motion to Seal or Redact Record Under Seal, having come before the Court

23  on the 27h day of April, 2021, with no opposition filed by Plaintiff and good cause appearing, it

24  is hereby ORDERED, ADJUDGED AND DECREED:

25  ///

26  ///

27

28
                                    1

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Fax (702) 383-0701.

EX. F

1    Defendant's Motion to Seal is GRANTED. The Clerk shall preserve the case file under

2  seal per SRCR 3(7) and subject to SRCR 3(5)(c), with the exception that the caption shall

3  identify the defendant by the pseudonym 'JOHN DOE'. Further, Plaintiff shall be prohibited

4  from disclosing or disseminating any record or pleading from this matter.

5    DATED this _____ day of May, 2021.

6

7    IT IS SO ORDERED                      **Dated this 8th day of May, 2021**

8

9  Respectfully Submitted by:              DISTRICT COURT JUDGE

10  OLSON CANNON GORMLEY & STOBERSKI        **429 A6C A03C 3AF6**
                                            **Jessica K. Peterson**
11  /s/ Brandon P. Smith, Esq.              **District Court Judge**

12  _____
    JAMES R. OLSON, ESQ.
13  Nevada Bar No. 000116
    STEPHANIE A. BARKER, ESQ.
14  Nevada Bar No. 3176
    BRANDON P. SMITH, ESQ.
15  Nevada Bar No. 010443
    9950 West Cheyenne Avenue
16  Las Vegas, NV 89129
    Attorney for Defendant
17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Fax (702) 383-0701

2

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

Thomas Michaelides, Plaintiff(s)      CASE NO: A-18-779028-C

vs.                                    DEPT. NO.  Department 8

Darren Chaker, Defendant(s)

## <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order Granting Motion was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 5/8/2021

| | |
|---|---|
| Thomas Michaelides | info@tcmlawgroup.com |
| Brandon Smith | bsmith@ocgas.com |
| James Olson | chartle@ocgas.com |
| Nan Langenderfer | nlangenderfer@ocgas.com |
| Jane Hollingsworth | jhollingsworth@ocgas.com |
| Wendy Fiore | wfiore@ocgas.com |
| Samantha Almazan | samantha@tcmlawgroup.com |
| Eric Tucker | eric@tcmlawgroup.com |
| Stephanie Barker | sbarker@ocgas.com |

 **THOMSON REUTERS**

610 Opperman Drive
Eagan, MN 55123

January 7, 2010

Darren Chaker-Delnero
311 N Robertson Blvd #123
Beverly Hills, CA 90211

Dear Darren Chaker-Delnero:

This letter is in response to the request to remove your personal identifying information from Westlaw non-public information databases. This letter confirms that the records containing such information will be removed within the next 60 days.

Please be advised that your information may reappear in Westlaw databases if you apply for, cosign or guarantee credit applications using a name, address or other identifying information that differs from the information submitted in your opt-out request.

Much of the non-public information contained in Westlaw public records databases is maintained by credit reporting agencies (Experian, Equifax or Trans Union) or is available from official public records offices. If you would like to have your personal information removed from the databases maintained by the three credit reporting agencies, please call 1-888-567-8688 and follow the directions to opt-out. Note that completion of that procedure may result in compromising your future ability to obtain or maintain credit.

For official public records databases mentioned above, you will need to contact the official custodian of those records, such as your county's land records office, to determine how to remove your personal identifying information from the public record.

Please be advised that while the CLEAR platform for law enforcement is now owned by West, as Thomson Reuters business as well, the data accessed by that platform remains under the control of Lexis-Nexis at this time. If you have privacy concerns in that regard, we recommend that you contact Lexis directly. Their privacy information can be accessed at Lexis.com.

Please visit http://west.thomson.com/privacy/records.asp for more information about Westlaw public records offerings and our privacy policies. If you have any other questions please contact us at 1-800-328-4880.

Very truly yours,

Account Maintenance Team
Customer Service Specialized Support
West, a Thomson Reuters business

Ex. F

Tier I rem_LN-ref.doc





**THOMSON REUTERS**

H. David Rosner, Esq.
Sr. Specialist
West, a Thomson Reuters business
610 Opperman Drive
Eagan, MN 55123

December 14, 2009

Mr. Darren Chaker
311 N. Robertson Blvd. #123
Beverly Hills, CA 90211

Re: Request for Suppression of Information

Dear Mr. Chaker:

This letter is in response to your memo to Edward Friedland, General Counsel of West, a Thomson Reuters business and other communications received at this office regarding the removal of your personal identifying information from Westlaw public and non-public information databases. This letter confirms that current non-public information you have provided us will be removed within the next 60 days. This is the data most likely to contain your SSN and/or birth date. By this action, all records that might include your SSN will be removed, and any remaining references to your birth date will be at least partially masked.

Please be advised that due to your apparent involvement in litigation of various sorts and in multiple courts, we are unable to remove any addresses that you may have provided the Courts that are now part of the dockets or other filings. This information can only be removed by order of the judge who handled the particular litigation in question. As to removal of in your information from Real Property records or related public records, we recommend that you follow up with the California Safe at Home program and the individual recording clerks in any venue where you may own property to have personal identifying information removed. Since these venues are the ultimate sources of such information on Westlaw, all changes will flow through to our databases. Also, it is important to note that you may reappear in Westlaw databases if you apply for, cosign or guarantee credit applications using a name, address or other identifying information that differs from the information submitted in your opt-out request. It may also reappear if you move or change your last name as the result of marriage, divorce, etc. Any such changes will require that you re-submit/update your opt-out request.

Please visit http://west.thomson.com/privacy/records.asp for more information about Westlaw public records offerings and our privacy policies. If you have any other questions please contact our Customer Experience group at 1-800-328-4880.

Very truly yours,

H. David Rosner, Esq.
Sr. Specialist
West, a Thomson Reuters business

Ex. G

● thomsonreuters.com

Customer Service
P.O. Box 64833
St. Paul, MN 55164-0833

Tel (800) 328-4880
Fax (800) 340-9378
west.customer.service@thomson.com


THOMSON
WEST

April 1, 2005

Darren D Chaker
311 North Robertson Blvd #1230
Beverly Hills, CA 90211

Dear Mr. Chaker,

West recently received your request for removal of your personal identifying information from public records database on Westlaw. If you included family members in your request, they have been removed as well. Pursuant to our privacy policy we will remove your personal, non-public identifying information from the PEOPLE-FIND and PEOPLE-CH databases within the next 60 days. Information gathered from voter registrations, professional licenses and business registrations is considered public information and therefore those records are subsequently not removed.

Please be advised that although we will remove your personal, non-public information from PEOPLE-FIND and PEOPLE-CH, your information may reappear if you apply, cosign or guarantee credit applications using a name, address or other information that differs from the information previously held in these databases. To ensure continued removal, you may wish to submit a new request for removal each time you change addresses or are a party to an application where you have used a different name or spelling of your name.

Also, although we will remove your personal, non-public information from the PEOPLE-FIND and PEOPLE-CH databases, we are unable to remove your name from the other public records databases on Westlaw including the other people databases. With the exception of PEOPLE-FIND and PEOPLE-CH, the information contained in Westlaw public records databases is either maintained by credit reporting agencies (Experian, Equifax or Trans Union) or available from official public records offices to anyone who requests it. For all other public records databases you will need to contact the official custodians of those public records, such as your county's land records office, to determine how to remove your personal identifying information from the public record. If you would like to have your personal information removed from the databases maintained by the three credit reporting agencies, please call 1-888-567-8688 and follow the directions given to "opt out" in their files.

Please visit http://west.thomson.com/privacy/records.asp for additional information about Westlaw public records offerings and our privacy policies.

Very truly yours,


Account Maintenance Team
Customer Service Specialized Support
Thomson West

West
610 Opperman Drive, Eagan, MN 55123   Tel (651) 687-7000   www.west.thomson.com


EX. H

**Customer Service**
P. O. Box 64833
St. Paul, MN 55164-0833

Tel (800) 328-4880
Fax (800) 340-9378
west.customer.service@thomson.com



May 15, 2006

Darren D Chaker
311 N Robertson Blvd Ste 123
Beverly Hills CA 90211 -1705

Dear Darren Chaker:

This letter is in response to your mailed request to remove your personal identifying information from the DMV records. We previously only had your address of 9993 Fine Fern St in Las Vegas to search for from you, so your information regarding the 20000 S Maryland Pkwy or the 50 S Jones Blvd Ste 204 addresses were not looked at. We are removing it now. Thank you for providing this additional information. Please allow at least 2 weeks for this information to be removed.

Please visit http://west.thomson.com/privacy/records.asp for more information about Westlaw public records offerings and our privacy policies. If you have any other questions please contact us at 1-800-328-4880.

Very truly yours,


Account Maintenance Team
Customer Service Specialized Support
Thomson West

Ex. I

 LexisNexis·

05/10/10

00947  1.00  MB  0.382  03

Darren Chaker
123
311 N Robertson Blvd
Beverly Hills, CA  90211-1705

RE: Opt-Out Request

Dear Consumer:

This letter is in response to your request for the removal of certain of your personal information from LexisNexis' public-facing product, KnowX. LexisNexis® has taken appropriate action to suppress the personal information associated with your name and address.

It is important to note that when LexisNexis suppresses personal information from certain of our records, we have a process to prevent that identical personal information from again being re-introduced to our records. However, despite our efforts and due to the variations in personal information contained in public records, it is possible that personal information that does not exactly match the information that we deleted may be re-introduced to LexisNexis' public-facing product in the future. If you become aware that your personal information is available through LexisNexis in the future, please notify the LexisNexis Privacy Hotline at once to enable us to promptly investigate so that we may take appropriate action.

Should you have any questions regarding this confirmation notice, please contact the LexisNexis Privacy Hotline at 1-800-831-2578 or Mary Shively at 1-800-227-9597 x 55568.

*LexisNexis Consumer Compliance*

CD169-01-10d

Ex. J

 **LexisNexis**

October 4, 2005

Darren Chaker
311 N Robertson Blvd. #123
Beverly Hills, CA   90211

RE:  Opt-Out Request

Dear Mr Chaker:

You recently requested that records about yourself be removed from LexisNexis non-public information databases.  Your request, based upon the information you provided to us has been processed.  This letter acknowledges that the matching information we found has now been removed from the LexisNexis non-public information databases.

Non-public information is information about an individual that we obtain from a private source.   It is not available to the general public or obtained from a public record. A typical non-public information record may include the following data elements:

- Name;
- Alias Names/Maiden Names;
- Current Address;
- Prior Addresses;
- Address Report Dates;
- Telephone Number;
- Social Security Number (We display the first five digits to qualified users only);
- Date of Birth; and
- Gender.

These non-public information records are part of a business-to-business database mainly used by attorneys, businesses and government officials.  These customers use this information for purposes that include identity verification, and locating individuals such as heirs, witnesses, litigants, shareholders, and former employees.  LexisNexis does not distribute its locator information products and services to the general public

Ex. K

As the world's leading provider of online business-to-business information, LexisNexis is committed to balancing the privacy concerns of individuals such as yourself with the legitimate needs of legal, business, and government professionals who require access to accurate sources of information.

If you have any questions, please feel free to contact me.

Regards,

Mary Shively
Legal Compliance Analyst
LexisNexis
PO Box 933
Dayton, Ohio 45401

800-227-9597 x55568

 **LexisNexis**

October 13, 2005

Darren D Delnero
311 N Robertson Blvd
Beverly Hills, Ca  90211

RE:  Opt-Out Request

Dear  Darren D Delnero:

You recently requested that records about yourself be removed from LexisNexis non-public information databases.  Your request, based upon the information you provided to us has been processed.  This letter acknowledges that the matching information we found has now been removed from the LexisNexis non-public information databases.

Non-public information is information about an individual that we obtain from a private source.  It is not available to the general public or obtained from a public record. A typical non-public information record may include the following data elements:

- Name;
- Alias Names/Maiden Names;
- Current Address;
- Prior Addresses;
- Address Report Dates;
- Telephone Number;
- Social Security Number (We display the first five digits to qualified users only);
- Date of Birth; and
- Gender.

These non-public information records are part of a business-to-business database mainly used by attorneys, businesses and government officials.  These customers use this information for purposes that include identity verification, and locating individuals such as heirs, witnesses, litigants, shareholders, and former employees.  LexisNexis does not distribute its locator information products and services to the general public.

Ex. K

As the world's leading provider of online business-to-business information, LexisNexis is committed to balancing the privacy concerns of individuals such as yourself with the legitimate needs of legal, business, and government professionals who require access to accurate sources of information.

If you have any questions, please feel free to contact me.

Regards,

Mary Shively
Legal Compliance Analyst
LexisNexis
PO Box 933
Dayton, Ohio 45401

800-227-9597 x55568



**FIRST**Advantage

June 8, 2010

Darren Chaker
PO Box 77
La Jolla, CA 92038

<u>**RE:  Order of Nondisclosure**</u>

Dear Mr. Chaker

This letter is being sent in response to your Order of Nondisclosure.  At this time we show no record of your name and social security number in our database.

We have enclosed a copy of "A Summary of Your Rights Under the Fair Credit Reporting Act". If you are a California resident, we have also included a copy of "A Summary of Your Rights Under California Law". If you have any questions concerning this matter, please contact the Consumer Relations Department at (800) 321-4473 Extension 3935.

Sincerely,


Lyle Polyak
Consumer Relations Processor
Enclosures

EX. L



9/6/2006 11:00 AM  FROM: 732-548 8026   TO: 1-215-434-5433   PAGE: 001 OF 001

SKIP TRACING INC.
PO BOX 286
METUCHEN, NJ 08840
732-548-7741
FAX 732-548-8026
EMAIL-SKIPTRACER@VERIZON.NET
WEB-SKIPTRACING.COM

SEPTEMBER 6, 2006

VANIA CHAKER
8895 TOWNE CENTER DR, #105
SAN DIEGO, CA 92122

WE RECEIVED YOUR LETTER REGARDING DARREN CHAKER.

PLEASE BE ADVISED WE ARE NOT A DATABASE WHERE INFORMATION IS STORED
ON INDIVIDUALS. WE HAVE NOT INITIATED ANY SEARCHES ON THIS PERSON NOR
WILL WE INITIATE ANY SEARCHES IN THE FUTURE.

PLEASE BE GUIDED ACCORDINGLY.

SINCERELY,

THOMAS BLACK

Ex. L



**DATALINE**

February 16, 2021

Dear Mr. Chaker,

Thank you for contacting Dataline regarding how we handle data. We have received your request and have searched our database for your contact information.

After a thorough search, we have determined that we do not have the information you provided on our database.

Sincerely,


The Dataline Privacy Team

Dataline                         609-452-6014   phone          www.datalinedata.com
506 Carnegie Center Drive / Suite 105   609-951-0025   fax
Princeton, NJ 08540              info@datalinedata.com

Ex. M

5/14/2021                    Gmail - California Consumer Privacy Act (CCPA) - IDI - CCPA - Delete & Do Not Sell

 Gmail                                    Darren Chaker <darrenchaker@gmail.com>

## California Consumer Privacy Act (CCPA) - IDI - CCPA - Delete & Do Not Sell

**CCPA** <ccpa@ididata.com>                                          Mon, Feb 15, 2021 at 7:03 AM
To: "darrenchaker@gmail.com" <darrenchaker@gmail.com>
Cc: CCPA <ccpa@ididata.com>

Dear Darren D Chaker,

Thank you for the requests you submitted to IDI to delete your personal information, and to no longer sell your personal information under the California Consumer Privacy Act (CCPA).  Below is information regarding each of your requests.

**Your request to delete your personal information**

You have requested that IDI delete personal information that you have provided to IDI directly.  We have deleted any personal information that you previously provided to IDI. Per the CCPA Regulations, section 999.317, subsection (b), IDI will maintain a record of your request.

**Your request that we no longer sell your personal information**

In accordance with the CCPA, your personal information will no longer be sold to third parties.  Please note that the CCPA does not apply to certain personal information, including that which is collected, processed, sold, or disclosed pursuant to the Gramm-Leach-Bliley Act (GLBA), the Driver's Privacy Protection Act of 1994 (DPPA), "publicly available" information lawfully available from a government source, and data that is deidentified or aggregate consumer data.  Due to these exemptions, certain IDI products are not subject to the CCPA.

Best,

    **CCPA Department**
**IDI, a Red Violet company (NASDAQ: RDVT)**
2650 N. Military Trail, Suite 300
Boca Raton, FL 33431
www.ididata.com



 **Gmail**

Darren Chaker <darrenchaker@gmail.com>

---

## Your Request for Do Not Sell my Data to PossibleNOW - Request# 20210204A

**privacy** <privacy@possiblenow.com>                                    Tue, Mar 9, 2021 at 7:48 AM
To: "darrenchaker@gmail.com" <darrenchaker@gmail.com>

We received your request to access the personal information we process that relates to you on 02/04/202. We take this request seriously and it is our policy to ensure that requests are handled swiftly and in accordance with applicable law.

Under the California Consumer Privacy Act (CCPA), you have the right to request disclosure of your personal information that is being processed by **PossibleNOW and its subsidiaries, CompliancePoint, and PossibleNOW data Services**, and where there is a verifiable request, receive specific information about how your personal information is processed, for what purposes and with whom it is shared.

**PossibleNOW and its subsidiaries listed above** has conducted a thorough review of all relevant electronic and manual records we hold. We have identified whether PossibleNOW or its Subsidiaries processes any of your personal information, as defined by the CCPA.

**After thorough review by PossibleNOW it has been determined that no data exists and suppression added in the PossibleNOW databases or its subsidiaries databases for the information submitted by you with a request to Do Not Sell My Data.**

The specific pieces of personal information that PossibleNOW and its subsidiaries reviewed, based on the information you provided are the following:

**Name – Darren Chaker**

**Address – 1140 Wall St. 77, La Jolla CA, 92037**

**Phone – not provided**

**Email –** darrenchaker@gmail.com

       **Date of Birth – not provided**

To view our privacy policy, please go https://www.possiblenow.com/privacy-statement. If you have any questions or concerns, please contact us by phone at 866-560-5923 or email at privacy@possiblenow.com. Please reference request number listed above.

Thank you,

Privacy Compliance Team

EX. O

**Richard Middleton**
Compliance Analyst and Sr. Project Manager – Information Security Group

 POSSIBLENOW™

4400 River Green Parkway, Suite 100
Duluth, GA 30096

(770) 255-1020 Main
(678) 287-7745 Direct
rmiddleton@possiblenow.com
www.possiblenow.com

The information contained in this communication is confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please resend this communication to the sender and delete the original message or any copy of it from your computer system

5/14/2021                                  Gmail - Your CCPA Right to Opt Out Request

 **Gmail**                                    Darren Chaker <darrenchaker@gmail.com>

---

**Your CCPA Right to Opt Out Request**

Executive Response Team <CXRT@dnb.com>                        Wed, Mar 3, 2021 at 9:09 AM
To: "darrenchaker@gmail.com" <darrenchaker@gmail.com>

Good Morning Mr. Chaker,

We have removed your personal information from our products and will no longer sell any personally identifiable
information associated with you. If this was not the result you intended, or if you change your mind and would like to opt
back in to the sale of your personal information, you can always request to Opt In.

Thank you,

dun & bradstreet

**Holly M. Hilton**
Case Manager, Executive Response Team

HQ:101 JFK Parkway

Short Hills, NJ 07078
Office: 877.625.0320 Ex 0354

**dnb.com | DandB.com**

   

EX. P

***310426398-052***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

| File Number: | 310426398 |
| Page: | 1 of 2 |
| Date Issued: | 2/12/2021 |



PDLPH400201751-I003501-077645957

DARREN DAVID CHAKER
1140 WALL ST APT 77
LA JOLLA, CA 92037-4531

We appreciate you taking the time to contact us at TransUnion. Our goal is to maintain complete and accurate credit information. It's our commitment to you.

Re: Credit Freeze Added

We received your credit freeze request and a freeze is now in place on your TransUnion credit report. It will stay in place until you request its removal.

This is your PIN: 239249. Make sure not to lose it. You will need it to make changes to your freeze via phone. You will not need a PIN to make changes online. Simply go to www.transunion.com/creditfreeze where you can find more information or make a change to your freeze. There you will also find instructions for changing your PIN should you need to.

Re: Credit Freeze

What is a credit freeze?

A credit freeze prevents lenders from checking your credit report in order to open a new account. A freeze may also prevent your information from being released for other inquiries (such as opening a bank account). Federal law allows certain transactions - such as those for insurance purposes - to continue even while a credit freeze is in place, and you'll continue to be able to take advantage of credit monitoring services. If you have a freeze on your credit report, you will need to lift or remove it before you apply for credit.

If I freeze with TransUnion do I need to freeze with the other bureaus?

You can freeze your TransUnion credit report with us, but to freeze your other credit reports you must contact each of the other bureaus. Their information is below.

Equifax
P.O. Box 105788
Atlanta, GA 30348
1-888-298-0045
https://www.freeze.equifax.com

Experian
P.O. Box 9554
Allen, TX 75013

EX. Q



 SageStream

Mar 2, 2021

DARREN CHAKER
1140 WALL ST #77
LA JOLLA CA 92037      00269876

RE: Election to Opt-Out for 5 Years

Dear DARREN CHAKER,

We have received your request to opt-out of prescreened offers of credit and insurance. ✓

Please note that your opt-out election is effective for 5 years – beginning no later than 5 business days from the date we received your request (the "5 Year Period").

If, during the 5 Year Period, you decide that you want to receive prescreened offers of credit or insurance, you may call us at 1-888-395-0277, or visit www.sagestreamllc.com/opt-out-opt-in/ and print out, complete, and fax or mail the Opt-In Election Form to us. If you are unable to access our website and/or print out the Opt-In Election Form, you may mail or fax us your written request and include the following information:

- Your first name, middle name, last name (include Jr., Sr., III, etc.)
- Your current address including ZIP code
- Your current telephone number with area code
- Your Social Security number
- Your date of birth (month, day, year)
- Indicate if your request is to opt-in.

If you want to opt-out permanently, please complete the enclosed form, sign it, and return it to us at the following address of fax:

SageStream , LLC
Attn: Consumer Office
P.O. Box 503793
San Diego, CA 92150
Secured fax: 1-858-451-2847

Please note that removing your name from these lists does not affect your ability to apply for or obtain credit or insurance.

Ex. R

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

**Case No.: 2:06-cv-04823-RB**

DARREN DELNERO,

      Plaintiff,

vs.

NCO FINANCIAL SYSTEMS,

      Defendant.

**ORDER**

**[PROPOSED]**

GOOD CAUSE APPEARING,

The Court finds Plaintiff is a participant in the Safe at Home Program which is administered by the California Secretary of State.

The Court finds Plaintiff's physical safety and psychological well-being are at great risk. Overriding interests at play here include Petitioner's physical and emotional danger as well as the right to be free from threats of violence, psychological abuse, and intimidation. Plaintiff has provided this Court with compelling reasons against public disclosure of the contents of the record and Plaintiff is entitled to all rights under California Civil Procedure Code § 367.3 *et seq*. Accordingly,

IT IS ORDERED, Plaintiff's name shall be changed in the case caption and court index to "John Doe";

IT IS FURTHER ORDERED the Court file and docket shall be SEALED.

IT IS SO ORDERED.

Dated:

                                   _____

                                   District Court Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

Case No.: 2:06-cv-04823-RB

DARREN DELNERO,

       Plaintiff,

   vs.

NCO FINANCIAL SYSTEMS,

       Defendant.

**ORDER**

**[PROPOSED]**

GOOD CAUSE APPEARING,

The Court finds Plaintiff is a participant in the Safe at Home Program which is administered by the California Secretary of State.

The Court finds Plaintiff's physical safety and psychological well-being are at great risk. Overriding interests at play here include Petitioner's physical and emotional danger as well as the right to be free from threats of violence, psychological abuse, and intimidation.  Plaintiff has provided this Court with compelling reasons against public disclosure of the contents of the record and Plaintiff is entitled to all rights under California Civil Procedure Code § 367.3 *et seq*. Accordingly,

IT IS ORDERED, Plaintiff's name shall be changed in the case caption and court index to "John Doe";

IT IS FURTHER ORDERED the Court file and docket shall be SEALED.

IT IS SO ORDERED.

Dated:

                                _____

                                  District Court Judge

**Case No. 2:06-cv-04823-RB**
**PROOF OF SERVICE BY MAIL**

I the undersigned declares as follows: I am in the County of San Diego, State of CALIFORNIA where this mailing will occur; I am over the age of eighteen (18) years and not a party to the cause; my business address is 1140 Wall Street, Box 77, La Jolla, Ca 92038.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and the fact that the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business.

On May 17, 2021, I served the foregoing **EX PARTE MOTION TO SEAL RECORDS** on the interested parties in this action by placing the correspondence in a sealed envelope on this date in the County of San Diego, and placing it for deposit with the United States Postal Service. This sealed envelope with postage fully prepaid was then placed for collection and mailing on this date following ordinary business practices addressed as follows:

**Clerk of the Court**
**U.S. District Court**
**601 Market Street, Room 2609**
**Philadelphia, PA 19106-1797**

**Sessions Fishman Nathan & Israel**
**3850 North Causeway Boulevard. Suite 200**
**Metairie, LA 70002-7227**

I certify and declare under penalty of perjury under the laws of the United States of America and State of Pennsylvania that the foregoing is true and correct.

Executed May 17, 2021, at Coronado, California.

