IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARREN DEL NERO,**<br><br>*Plaintiff,*<br><br>v.<br><br>**NCO FINANCIAL SYSTEMS, INC.,**<br><br>*Defendant.* | **Case No. 2:06-cv-04823-JDW** |

### MEMORANDUM

Darren Del Nero asks the Court to seal a record closed in 2007, thereby hiding it from public view. Mr. Del Nero participates in California's Safe At Home program, which offers some confidentiality to victims of crime, because he fears for his safety. Despite the public interest to protect crime victims, Mr. Del Nero does not demonstrate that his interest in anonymity outweighs the public's fundamental right to access public records.

**I.    BACKGROUND**

    **A.    The Safe At Home Program**

California's Safe At Home program protects crime victims by providing a substitute address that California state and local agencies use for public records. CAL. GOV'T CODE § 6207(a). To enroll in Safe At Home, a crime victim must provide a sworn statement that the applicant is a victim of domestic violence, sexual assault, stalking, human trafficking, or elder or dependent adult abuse. *See* CAL. GOV'T CODE § 6206. The California Secretary of State also keeps confidential the protected person's location and name changes. In

accordance with Safe At Home legislation, the California Code of Civil Procedure designates Stay At Home participants as "protected persons," which allows them to use a pseudonym and redact identifying characteristics when filing court documents. *See* CAL. CIV. PRO. CODE § 367.3(b)(1). The California Code also authorizes a protected person to seek leave to seal the public file. CAL. CIV. PRO. CODE § 367.3(b)(4). In 2015, the California Court of Appeals ruled in a non-reported decision that a court should redact or seal all information that could lead to the discovery of the protected person's address or contact information. *See Lawrence S. v. Copeland*, No. B255858, 2015 WL 7061963, at *4 (Cal. Ct. App. Nov. 12, 2015).

Mr. Del Nero has escaped two near death experiences and has received death threats. He has enrolled in California's Safe At Home program and seeks to seal the record in this case. He claims that sealing the case would protect him from physical and emotional danger. He therefore asks the Court to seal the entire docket or, alternatively, to replace his name with "John Doe" and redact all identifying characteristics contained in the record.

**II.     LEGAL STANDARD**

The common law presumes the public has a right to access judicial materials. *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome the strong presumption of public access to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the

material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *Id.* at 672 (emphasis added). In the Third Circuit, the party seeking to file under seal must make a specific and compelling showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). As the Court recently noted, this "arduous standard reflects the importance of the public's right to access public records, including those that are part of judicial proceedings." *Midwest Athletics and Sports Alliance LLC v. Ricoh USA, Inc.*, Case No. 2:19-cv-00514-JDW, 2021 WL 915721, at *1 (E.D. Pa. Mar. 10, 2021).

The standard does not vary depending on the level of public interest in the case or the amount of time that has passed since the conclusion of the matter. Even if the other party in the suit does not oppose the closure of documents, the court has an independent obligation to ensure that parties meet this standard before sealing documents. Furthermore, "[a] party who seeks to seal an entire record faces an even heavier burden" than the burden to seal only certain documents. *Miller v. Indiana Hospital*, 16 F.3d 549, 551 (3d Cir. 1994). Therefore, where possible, parties should propose redactions, rather than placing a whole document under seal.

### III. DISCUSSION

#### A. Whether To Seal Information

The Court has the "inherent power" to determine the confidentiality of the record before them. *Avandia*, 924 F.3d at 671 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d

772, 786 (3d Cir. 1994)). California's Government Code and Code of Civil Procedure inform the Court's exercise of that power, but they do not bind the Court because they provide procedural protections in dealing with California's state government and for litigants in California state courts. Though neither law is binding here, the Court concludes that information that California's Safe At Home program protects qualifies as information that federal courts will protect.

The Court also concludes that the disclosure of information that the Safe At Home program protects would work a serious, clearly defined injury. The State of California has already determined that Mr. Del Nero faces some risk or threat when it enrolled him in the Safe At Home program. If the Court were to require or maintain the public disclosure of that information, it would undermine that program and put Mr. Del Nero at risk of the very harms that the Safe At Home Program is designed to prevent.

B.   **What Information To Protect**

Although Mr. Del Nero has demonstrated that some information requires protection, he has not shown that the Court should seal the entire record. The Safe At Home program does not protect all information, nor does the public disclosure of the entire record expose Mr. Del Nero to the harms that justify a sealing order. The Court will address the various other types of information Mr. Del Nero proposes to place under seal.

*Address information.* The Safe At Home program protects address information to help crime victims hide from their assailants. And, protecting Mr. Del Nero's address

4

would provide security to him and vindicate the purpose of the Safe At Home program by shielding him from future threats.

*Name/Use Of A Pseudonym*. The public's common law right of access extends to the true names of the parties involved in litigation. Under Third Circuit law, litigants may proceed anonymously in exceptional cases where a reasonable fear of severe harm exists. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). To make that determination, courts consider a lengthy, non-exhaustive list of factors. *See id.* (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997)). Most importantly, sealing Mr. Del Nero's identity will not shield him from further harassment, and leaving his name on the public docket will not subject him to additional harassment. The people who have targeted Mr. Del Nero know who he is, and their harassment has nothing to do with his involvement in this case. Thus, considering the unique facts of this case, the Court will not permit Mr. Del Nero to use a pseudonym in this matter.

*Email Address.*  Mr. Del Nero has received death threats. Anyone who intends to threaten him could use his email address to continue to do so. He should not have to face that harm, and the Safe At Home program seeks to mitigate the risk of those threats. The Court will therefore permit redaction of Mr. Del Nero's Gmail account from the record.

## IV.   CONCLUSION

The Court will permit the redaction of Mr. Del Nero's street and email addresses to protect his location and shield him from further threats. However, Mr. Del Nero has not


overcome the burden necessary to seal the entire record or redact his name. Thus, the Court will not seal all documents nor prevent public access to them. This Court will give Mr. Del Nero 30 days to provide redacted filings that remove his street and email address. An appropriate Order follows.

                                      **BY THE COURT:**

                                      */s/ Joshua D. Wolson*
                                      JOSHUA D. WOLSON

June 10, 2021