1
2
3
4

Darren Chaker-Del Nero
1140 Wall Street #77
La Jolla, CA 92038
DarrenChaker@Gmail.com
Self-Represented

# UNITED STATES DISTRICT COURT
## PENNSYLVANIA EASTERN DISTRICT

5
6
7
8
9
10
11
12
13

DARREN DELNERO,

Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

Defendants.

Case No.: 2:06-cv-04823

**APPLICATION TO FILE UNDER SEAL**

**[CONDITIONALLY FILED UNDER SEAL]**

14
15
16

COMES NOW PLAINTIFF'S DARREN CHAKER and files this Application to Seal the attached Motion for Judicial Notice in Support of Ex Parte Motion to Seal Records.

17
18
19

**I.   GOOD   CAUSE   EXISTS   TO   SEAL   THE   MOTION   FOR RECONSIDERATION AND REFERENCES TO RECORDS SEVERAL OTHER COURTS HAVE ORDERED SEAL, INCLUDING SEALED COURT ORDERS.**

20
21

California Civil Procedure Code § 367.3 was enacted in 2019 and is now moving this honorable court to seal the file and insert "John Doe" as the Plaintiff.

22
23
24

This honorable court recently received an ex parte motion to seal records. The court filed these records under seal. Plaintiff now seeks to file his motion for reconsideration.

25
26
27

Plaintiff attaches several court orders to his motion which have changed the caption to protect Plaintiff's name from the public record as well as other courts have sealed the entire file including the court order.

28

**APPLICATION TO FILE UNDER SEAL - 1**

1    If this honorable court did not grant this application, then the various court orders

2    which have been sealed would then become a public record. Likewise, the argument the

3    motion for reconsideration references to sealed records, thus should be sealed as well.

4                                    **CONCLUSION**

5    Since the Application to File Under Seal discloses the contents of the attached

6    motion, Plaintiff requests the motion and application are filed under seal.

7    If for any reason this motion is not granted, Plaintiff requests the Clerk of the

8    Court to return this Motion for Reconsideration of Ex Parte Motion to Seal Records[1] as

9    having such material in the public record could be a death sentence and would reveal

10   confidential and previously sealed records.

11   DATED:  July 31, 2021                    Respectfully submitted,

12

13

14                                            Darren Chaker- Del Nero
                                              Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26   _____

27   [1] For reference, and for only example purposes, in California if the court denies the motion to
     seal the record, the court "must not place it in the case file unless [the moving] party notifies the
     clerk in writing within 10 days...that the record is to be filed." (Rule 2.551(b)(6).); Conditionally
28   lodged documents must be returned to the moving party by this court's clerk. (Rule 8.46(d)(7) &
     (f)(3)(D).)

                        **APPLICATION TO FILE UNDER SEAL - 2**

1 | Darren Chaker-Del Nero
2 | 1140 Wall Street #77
   | La Jolla, CA 92038
3 | DarrenChaker@Gmail.com
   | Self-Represented
4 |
5 | **UNITED STATES DISTRICT COURT**
6 | **PENNSYLVANIA EASTERN DISTRICT**

7 | DARREN DELNERO,                    **Case No.: 2:06-cv-04823**

8 | Plaintiff,                          **MOTION FOR RECONSIDERATION OF EX PARTE MOTION TO SEAL RECORDS**
9 | v.

10 | NCO FINANCIAL SYSTEMS, INC.,      **[CONDITIONALLY FILED UNDER SEAL]**
11 | Defendants.

12
13
14

15 |     COMES NOW PLAINTIFF DARREN DEL NERO and files this Motion for
16 | Reconsideration.

17 | **I.   PLAINTIFF REQUESTS THIS HONORABLE COURT TO RECONSIDER ITS RULING SINCE IT FAILED TO EMRBACE CALIFORNIA LAW.**
18 |

19 |     This honorable court issued its ruling on June 10, 2021. Plaintiff requests the court
20 | to reconsider its ruling[1] for the following reasons:

21 |     First, I would ask this honorable Court to embrace California which expressly
22 | enunciates the exclusive criteria to grant a motion to seal under the statue is if the moving
23 | party is an active participant in the Safe at Home Program. A "protected person" under
24 | the statute is a "person who is an active participant in the address confidentiality program

---
25 | [1] There is no "motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v.*
26 | *United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Rather, if filed within
   | ten days of the district court's judgment, such a motion is const rued as filed pur suant to Rule
27 | 59(e). See id. Motions that are not timely under Rule 59 must be treated as motions filed
   | under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th
28 | Cir. 1998).

**MOTION FOR RECONSIDERATION FOR EX PARTE**
**MOTION TO SEAL RECORDS - 1**

1    . . . ." (California Code of Civil Procedure § 367.3(a)(3). In lieu of looking at California
2    law, the court discarded the criteria and looked to a balancing test to determine if Plaintiff
3    is entitled to sealing or redaction.

4         Additionally, within only a few weeks when this court issued its order other courts
5    issued different ones. As indicated below, other courts were presented with the identical
6    papers this court was provided with and granted some relief ranging from completely
7    sealing the entire case to full or partial redaction[2] of protected information[3].

8         Further, the California Supreme Court has restricted access to entire volumes of
9    records for privacy reasons[4].

10        Respectfully, while the court discounts the rational for bringing the underlying
11   motion, other courts have not. Plaintiff requests the court to reconsider its ruling while
12   embracing both California law and the recently issued orders. At bare minimum to insert
13   John Doe for the plaintiff's name to order redaction of all references of Plaintiff's name
14   in the court record, as well as, redacting all reference to protected information.

15   **II.    GOOD CAUSE EXISTS TO SEAL THE EX PARTE MOTION TO SEAL
16        RECORDS SINCE ACTIVE THREATS TO PLAINTIFF'S SAFETY
          REMAIN.**

17        As previously stated, California Civil Procedure Code § 367.3 was enacted in
18
19   2019. (CCP § 367.3(b)(1).) A "protected person" under the statute is an "person who is
20   an active participant in the address confidentiality program . . . ." (CCP § 367.3(a)(3).)

21        Moreover, the only criteria under California law is the person seeking to seal
22   records must be an active member of Safe at Home. The California Judicial Council
23   adopted the Civil and Small Claims Advisory Committee's recommendation in their
24
25
26
27   [2]  The two courts where denial or partial redaction was allowed are being asked to reconsider its
     ruling are this one and the Central District of California.
     [3] As defined by Code of Civil Procedure § 367.3(a) (1) & (2).
28   [4]  See Exhibits G-K.

**MOTION FOR RECONSIDERATION FOR EX PARTE**
**MOTION TO SEAL RECORDS - 2**

report on sealing previously filed papers under Code of Civil Procedure section 367.3, which states:

> Rule 2.550 of the California Rules of Court requires that the court "specifically state the facts" that support its findings to place a document under seal. (Cal. Rules of Court, rule 2.550(e).)   The committee concluded that *the applicant's status as an active participant in the Safe at Home program* under Code of Civil Procedure section 367.3, *itself, constitutes the "specific facts" supporting the motion necessary to retroactively seal documents*.

Plaintiff has demonstrated by his declaration and Exhibits B & C attached to the initially filed Ex Parte Motion to Seal Records, he is part of the protected class of people who may use the protections afforded under the statute.

Tellingly, the restriction of information of a crime victim is also etched into the California Constitution article I, § 28, section (b)(4), "To prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family…"

California Penal Code § 1054.2 restricts a criminal defense attorney from sharing contact information of a prosecution witness. Specifically, "no attorney may disclose or permit to be disclosed to a defendant, members of the defendant's family, or anyone else, the address or telephone number of a victim or witness whose name is disclosed to the attorney…"

Likewise, California Penal Code § 679, Rights of Victims and Witnesses of Crime –Legislative intent – states,

> In recognition of the civil and moral duty of victims and witnesses of crime to fully and voluntarily cooperate with law enforcement and prosecutorial agencies, and in further recognition of the continuing importance of this citizen cooperation to state and local law enforcement efforts and the general effectiveness and well-being of

**MOTION FOR RECONSIDERATION FOR EX PARTE**
**MOTION TO SEAL RECORDS - 3**

the criminal justice system of this state, the Legislature declares its intent, in the enactment of this title, to ensure that all victims and witnesses of crime are treated with dignity, respect, courtesy, and sensitivity. It is the further intent that the rights enumerated in Section 679.02 relating to <u>victims and witnesses of crime are honored and protected by law enforcement agencies, prosecutors, and judges</u> in a manner no less vigorous than the protections afforded criminal defendants. (emphasis added)

"It is well settled that the right of privacy is purely a personal one." ( *Coverstone v. Davies* (1952) 38 Cal.2d 315, 322-324 [239 P.2d 876]; *Werner v. Times-Mirror Co.* (1961) 193 Cal.App.2d 111, 116 [14 Cal.Rptr. 208]; *James v. Screen Gems, Inc.* (1959) 174 Cal.App.2d 650, 653.

Tellingly, in the unpublished case *Lawrence S. v. Copeland*, No. B255858, 2015 WL 7061963, at *1 (Cal. Ct. App. Nov. 12, 2015) the appellate court reversed a trial court years prior to § 367.3 being enacted where the trial court decided to not seal records. The participant in that case stated to the lower court,

"We are members of the [S]afe at [H]ome program because we are both victims of serious domestic violence from an ex-boyfriend of mine, who has physically assaulted me many times, stalked us, and threatened us with death. I was hospitalized as a result of his assault. I remain in fear of[ ] my life and my child's life from this individual."

The court found the statement sufficed to require sealing.

"Given the evidence of Copeland's past experience as a victim of domestic violence and her participation in the California Safe at Home confidential address program, these implied findings are supported by substantial evidence."

Although this honorable court is not bound to the decision, it is the only decision concerning Safe at Home where an appeal needed to be pursued. An appeal has yet to be filed for being denied redaction or record sealing under § 367.3.

Ultimately when does a threat cease? In this case, when a person goes to jail the threat does not cease. Participants in WITSEC are participants for life for the reason the threat does not cease. The threat is real and lives on especially with today's private

**MOTION FOR RECONSIDERATION FOR EX PARTE**
**MOTION TO SEAL RECORDS - 4**

1   industry creating a 'data base nation' where records court records are mined, scanned,
2   filtered, attached to a particular person, and then data sold to information brokers - the
3   reasoning nictitating the sealing of records is even more profound.

4   **III.   TAKING JUDICIAL NOTICE OF RECENT COURT ORDERS WOULD
    AIDE THIS HONORABLE COURT IN RECONSIDERATION SINCE THE
5   ORDERS WERE UNAVAILBALE AT THE TIME THE COURT MADE
6   ITS DECISION.**

7   This Court may take judicial notice of a different court's records. *Reyn's Pasta*
8   *Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial
9   notice of pleadings, memoranda, expert reports, and other documents from
10  proceedings in another court); *see also United States ex rel. Robinson Rancheria Citizens*
11  *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (taking judicial notice of proceedings before
12  another court).

13  Exhibits A through L court orders relevant to the motion before the court where
14  each request to redact or seal its respective cases was granted. Specifically,

15  • **Exhibit A** is an Order from the District Court, Las Vegas, Nevada. In that case
16  the court made findings Plaintiff's "physical and emotional danger" were at
17  risk unless it granted the motion. The Court changed Defendant's name to John
18  Doe, and sealed the Order and the entire case.

19  • **Exhibit B** is a Minute Order and final order by the San Diego Superior Court
20  granting redaction[5] of all personally identifiable records[6] and changing the
21  Plaintiff's name to John Doe.

22  • **Exhibit C** is an Order by the District Court for the Southern District of
23  California granting redaction of all personally identifiable information and
24  changing the Plaintiff's name to John Doe.

25  • **Exhibit D** is an Order by the District Court for the Southern District of Texas
26  granted the motion and sealed the entire case.

27
28
─────────────────────
[5] Code of Civil Procedure § 367.3(a), (b)(1).
[6] As defined by Code of Civil Procedure § 367.3(a) (1) & (2).

**MOTION FOR RECONSIDERATION FOR EX PARTE
MOTION TO SEAL RECORDS - 5**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- **Exhibit E** is an Order from the District of Arizona. In that case, Senior United States District Court Judge Roslyn O. Silver agreed that by allowing the court record to remain public would place Plaintiff "at additional risk of harm" and subsequently sealed the entire case[7].

- **Exhibit F** is an Order from District Court of Nevada granting redaction and supplementing the name John Doe for Plaintiff's name.

- **Exhibit G-K are** print outs from the California Supreme Court case information index. Plaintiff requests the court take judicial notice of each print out from the court record[8] where the court sealed several cases for privacy reasons.

- **Exhibit L** is a sealed court order concerning Plaintiff's oldest daughter. The judge in that case was apprised of information and in granting the motion to seal, it stated, "the Court finds that the Motion has merit and that the disclosure of records, discovery and related information will result in injury to Petitioner."

- **Exhibit M** is a subpoena by the San Diego District Attorney's Office directed to Plaintiff. In this case, Plaintiff heard screams from a neighbor, flagged down a police car and literally broke open a fire escape door . When the officer and Plaintiff exited the stairwell, a male was only feet away from a female draped in blood. It was determined the male, Nikola Chivatchev, had just bludgeoned his father to death with a dumbbell and was then turning on his mother when a police officer and Plaintiff arrived. While Mr. Chivatchev was handcuffed, Plaintiff turned on the video camera option on his phone and spoke with him.

---

[7] This sealed order reference to a "David Hunter" which is a sealed name Plaintiff obtained as a result of threats.

[8] Federal, state and municipal websites, including those of governmental agencies, are considered self-authenticating under Fed. R. Evid. 902(5), which provides that "official publications" are self-authenticating. Fed. R. Evid. 902(5) defines "official publications" to include "a book, pamphlet or other publication purporting to be issued by a public authority."

**MOTION FOR RECONSIDERATION FOR EX PARTE**
**MOTION TO SEAL RECORDS - 6**

The video disclosed several instances where Mr. Chivatchev confessed to the murder to Plaintiff.[9]

- **Exhibit N** is a text Plaintiff received on June 11, 2021. The texts are photos of headless males. As Plaintiff's declaration states, he has received numerous threats in the past. The case, People v. Chivatchev is still pending where the defendant was committed to a mental hospital at first and is now in a lock down care facility  until he is found fit for trial. It is feared the Bulgarian Mafia is making repeated efforts to intimidate Plaintiff for his cooperation with law enforcement.

- **Exhibit O** attached hereto is where a man in a ski-mask and black trench coat had attempted entry into Plaintiff's home in 2017 and where Plaintiff was interviewed by the news. Needless to say, most burglaries occur during the daytime hours and do not wear trench coats or ski-masks a mile from the beach in San Diego. Plaintiff believes this person attempted to gain entry to harm him or his family.

## **CONCLUSION**

Respectfully, Plaintiff requests this honorable court to take the same action under Section  367.3 as other courts have and seal the entire or redact all protected information and substitute John Doe for Plaintiff's name.

DATED:  July 30, 2021                                   Respectfully submitted,

 

 

 

_____

Darren Chaker-Del Nero
Plaintiff

---

[9]  See Plaintiff's news interview disclosing the video on Fox News,
https://www.youtube.com/watch?v=fLlHUevPv9w

**MOTION FOR RECONSIDERATION FOR EX PARTE**
**MOTION TO SEAL RECORDS - 7**

## DECLARATION

I, the undersigned, am the Plaintiff in this matter and if sworn would testify as follows:

I am a current member of the California Safe at Home Program. My identification number is 3607. I was victimized and entered the Safe at Home program around 2009. See Exhibit B attached to Ex Parte Motion to Seal Records. The exhibits are true and correct copies of the original documents. Additional events have added to the fear for my safety which I bring to the attention of this court that I feel would supplement my request to seal or redact records.

**Exhibit M** is a subpoena in People v. Chivatchev. I am responsible for being the only person out of hundreds who heard screams for help and responding to them. I flagged down a passing police car. The police officer attempted to gain entry through a gate, but since I resided in the building across from it, I did not have access to the gate since it was a different building than my own. I was able to rip open a fire escape door. Upon entering the hallway, a male, later identified as the Mr. Chivatchev, who moved from Bulgaria, was approaching a female covered in blood. The officer placed Mr. Chivatchev under arrest for murdering his father. The case remains open due to Mr. Chivatchev's mental state.

I have received numerous death threats for what I believe is due to my cooperation and videotaping a conversation I had with Mr. Chivatchev post-arrest and due to the fact he may have gotten away but for me opening a fire escape door. I continue to fear for my life and was told the Bulgarian mafia is active in California and to take precautions.

**Exhibit N** are a couple of photographs received via Text on June 11, 2021. I do not know the person(s) who sent me the text, did not instruct nor encourage anyone to send me the text. I needed to cut and paste screen shots of the text to fit into the "borders" of the paper. If the court would like to see the original text saved in a .PDF file I am happy to accommodate by emailing it to the Court upon request.

**MOTION FOR RECONSIDERATION FOR EX PARTE**
**MOTION TO SEAL RECORDS - 8**

1    Each court order I have attached concerns me, even if it is under John Doe, or my

2    the name I obtained under seal, David Hunter.

3    I declare under penalty of perjury under the laws of the United State of America the
     foregoing is true and correct.
4

5    DATED:  July 30, 2021

6

7                                                    _____
                                                     Darren Chaker-Del Nero
8                                                    Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR RECONSIDERATION FOR EX PARTE
MOTION TO SEAL RECORDS - 9**

1         Each court order I have attached concerns me, even if it is under John Doe, or my

2    the name I obtained under seal, David Hunter.

3    I declare under penalty of perjury under the laws of the United State of America the
     foregoing is true and correct.

4

5    DATED:  July 30, 2021

6

7    _____
     Darren Chaker-Del Nero
     Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR RECONSIDERATION FOR EX PARTE
MOTION TO SEAL RECORDS - 9**

Electronically Filed
06/18/2021 1:45 PM

CLERK OF THE COURT

1   JAMES R. OLSON, ESQ.
    Nevada Bar No. 000116
2   STEPHANIE A. BARKER, ESQ.
    Nevada Bar No. 3176
3   BRANDON P. SMITH, ESQ.
    Nevada Bar No. 10443
4   OLSON CANNON GORMLEY & STOBERSKI
    9950 West Cheyenne Avenue
5   Las Vegas, NV 89129
6   jolson@ocgas.com
    sbarker@ocgas.com
7   bsmith@ocgas.com
    702-384-4012
8   702-383-0701 fax
    Attorneys for Defendant

9

                        DISTRICT COURT

10
                      CLARK COUNTY, NEVADA
11

12   THOMAS C. MICHAELIDES, an individual,
     THOMAS C. MICHAELIDES dba TCM LAW      CASE NO. A-18-779028-C
13   GROUP,                                 DEPT. NO. XXIV

14                 Plaintiffs,

15          v.

16   JOHN DOE, an individual; DOES I-X,
17   inclusive; and ROE CORPORATIONS XI
     through XX,
18
                   Defendants.
19

20   **AMENDED ORDER GRANTING DEFENDANT'S MOTION TO SEAL OR REDACT**

21          Defendant's Motion to Seal or Redact Record Under Seal, having come before the Court

22   on the 27ʰ day of April, 2021, with no opposition filed by Plaintiff and good cause appearing, it

23   is hereby ORDERED, ADJUDGED AND DECREED:

24          1.      The Court finds Defendant is a participant in the Safe at Home Program

25   which is administered by the California Secretary of State. Safe at Home allows victims of

26   violent crime to enter the program and provides many benefits to participants such as

27   sealing public records in accordance with Cal. Code Civ. Proc. § 367.3(b)(4) to limit
28

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012     Fax (702) 383-0701

1

Ex. A

information about the participant to thwart efforts to locate the participant. The Court finds it will accept the important purpose behind California's Safe at Home program in allowing the sealing of public records in this case.

2.      The Court previously found the instant lawsuit was meritless, that Defendant's speech was protected under NRS 41.635-670, and that Defendant was entitled to $51,246 in attorney fees and expenses to Defendant. The Court also found the purported Judgment sent by Plaintiff to Google does not appear in the court docket nor was any such order ever presented to the court or issued by the court.

3.      Furthermore, the Court finds Defendant's physical safety and psychological well-being are at risk and that these risks are multiplied by allowing this case file to remain public record where Plaintiff disclosed Defendant's sealed name change.

4.      Further, the Court finds Plaintiff made numerous public references in this matter to a sealed paternity case in which he represented Defendant. Paternity cases are sealed, per NRS § 125.110(2), and Plaintiff used confidential information provided to him by his former client to advance this lawsuit.

5.      The standards for sealing this case in its entirety are met due to Defendant's physical and emotional danger, his right to be free from threats of violence, psychological abuse, and intimidation, and Plaintiff's disclosure of sealed and confidential information in a frivolous suit.

6.      Therefore, Defendant has provided this Court with compelling reasons against public disclosure of the contents of the record and sealing the case furthers the goals of the California Safe at Home program via California Civil Procedure Code § 367.3 et seq.

Accordingly,

. . .

2

1       IT IS ORDERED, Defendant's Motion to Seal is GRANTED. The Clerk shall preserve the

2  case file under seal per SRCR 3(7) and subject to SRCR 3(5)(c), with the exception that the

3  caption shall identify the defendant by the pseudonym 'JOHN DOE'.

4       IT IS FURTHER ORDERED, Plaintiff shall be prohibited from disclosing or

5  disseminating any record or pleading from this matter.

6       DATED this _____ day of June, 2021.

7                      Dated this 18th day of June, 2021

8

9                     DISTRICT COURT JUDGE

10  Respectfully Submitted by:

11  OLSON CANNON GORMLEY & STOBERSKI    **FF8 73F 6F02 2966**
                                        **Jessica K. Peterson**

12  */s/ Brandon P. Smith, Esq.*             **District Court Judge**

13  JAMES R. OLSON, ESQ.
      Nevada Bar No. 000116
14  STEPHANIE A. BARKER, ESQ.
      Nevada Bar No. 3176
15  BRANDON P. SMITH, ESQ.
      Nevada Bar No. 010443
16  9950 West Cheyenne Avenue
      Las Vegas, NV 89129
17  Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012  Fax (702) 383-0701

3

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 06/24/2021                    TIME: 10:01:00 AM        DEPT: C-70

JUDICIAL OFFICER PRESIDING: Ronald F. Frazier
CLERK: Anthony Shirley
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2017-00036344-CU-NP-CTL** CASE INIT.DATE: 09/27/2017
CASE TITLE: **McMillan vs Chaker [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Non-PI/PD/WD tort - Other

---

**APPEARANCES**

---

The Court, having taken the above-entitled matter under submission on 06/23/2021 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

Defendant John Doe's Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 is GRANTED. (ROA 329.)

"Unless confidentiality is required by law, court records are presumed to be open." (Cal. R. Court, rule 2.550(c).) Statutory authority expressly authorizes a Safer at Home participant to keep his or her name and identifying information confidential in litigation. (Code Civ. Proc. § 367.3(b)(1).)

Here, Defendant has submitted evidence that he is an active participant of the Safer at Home program. (Erigero Decl. ¶ 2, Exh. A.) Accordingly, the court finds there is an overriding interest that overcomes the right of public access to the records at issue in this motion such support sealing the proposed portions of those records. Further, the court finds there is a substantial probability that the overriding interest will be prejudiced if the record is not sealed. The proposed order to seal is narrowly tailored, and a less restrictive means to achieve the overriding interest does not exist.

"The responsibility to exclude or redact identifying characteristics of the protected person from documents filed with the court rests solely with the parties and their attorneys" and the statute "does not require the court to review pleadings or other papers for compliance." (Code Civ. Proc. § 367.3(b)(3).)

Defendant has lodged redacted versions of the records to be sealed, as identified in Attachment 4 of the motion. The court clerk is directed to place the redacted versions in the public court file in place of the original documents that Defendant has asked the court to seal.

Further, the court finds the register of actions must be revised to replace Defendant's true name with the pseudonym John Doe and to indicate that specified materials have been placed under seal.

Going forward, the parties and their agents and attorneys are required to use the pseudonym "in all

Ex. B

---

DATE: 06/24/2021                    MINUTE ORDER                    Page 1
DEPT: C-70                                                         Calendar No.

CASE TITLE: McMillan vs Chaker [IMAGED]          CASE NO: **37-2017-00036344-CU-NP-CTL**

pleadings, discovery requests or discovery motion documents, and other documents filed or served in the action, and at hearings, trial, and other court proceedings that are open to the public," and are subject to sanctions for any intentional violation. (Code Civ. Proc. § 367.3(b)(2)(A).)

Defendant's requests for judicial notice are denied on the grounds the court did not find the records relevant to its determination of this motion.

Defendant filed a proposed order with its moving papers; however, the appropriate proposed order is a judicial council form. Accordingly, **Defendant's counsel is to prepare a proposed order on Judicial Council form SH-025 and submit it directly to Department 65 within five (5) days**.

Defendant's Motion to Seal Portions of Plaintiffs' First Amended Complaint is also GRANTED. (ROA 299.)

Defendant seeks to seal exactly the same portion of the First Amended Complaint as was previously ordered sealed by the court with regard to the initial Complaint. Once a record is sealed it cannot be unsealed except by order of the court. (Cal. R. Court, rule 2.551(h)(1).)

Plaintiffs ought to have filed a redacted copy of their First Amended Complaint consistent with the court's existing sealing order of June 29, 2018 and lodged an unredacted copy with the court.

Page 29, lines 13 through 15 of the First Amended Complaint are ordered sealed consistent with the court's June 29, 2018 order. The court has already concluded these allegations involve an overriding interest (privacy rights/confidentiality of paternity records) that overcomes the right of public access to this portion of the record, that this overriding interest supports sealing of the record, that there exists a substantial probability that the overriding interest will be prejudiced if these records are not sealed, that the proposed sealing has been narrowly tailored, and that no less restrictive means exist to achieve the overriding interest.

Plaintiffs' request for judicial notice is granted.

**IT IS SO ORDERED.**

_____

Judge Ronald F. Frazier

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,[1] | Case No.: 06-cv-00599-H-AJB |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING PLAINTIFF'S PETITION TO RE-OPEN THE CASE; AND** |
| LAW OFFICES OF WINN AND SIMS, a Professional Corporation; BRIAN N. WINN; RALPH L. SIMS; and DOES 1 through 25, inclusive, | [Doc. No. 13.] |
| Defendants. | **(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION TO SEAL** |
| | [Doc. No. 16.] |

On June 21, 2021, the Court issued an order granting in part and denying in part Plaintiff John Doe's ("Plaintiff") motion to seal. (Doc. No. 12.)  On June 25, 2021, the Court ordered the Clerk to file on the docket a petition to re-open the case and a supplemental motion to seal the case filed by Plaintiff. (Doc. Nos. 13, 16.)  Plaintiff's

---

[1]     The Court replaces Plaintiff's name in the caption with John Doe.

Ex. C

06-cv-00599-H-AJB

1   supplemental motion to seal sets forth additional facts in support of his request for the

2   Court to either seal the entire case or, in the alternative, redact his personal information

3   from the record.   (Doc. No. 16 at 2.)

4          After reviewing Plaintiff's filings, Court denies Plaintiff's supplemental request to

5   seal the entire record.   To seal a judicial record, a movant must present "compelling

6   reasons" that outweigh the public's interest in access to the record. Oliner v. Kontrabecki,

7   745 F.3d 1024, 1025-26 (9th Cir. 2014).   In addition, "[a]ny order sealing documents

8   should be 'narrowly tailored'" to serve those compelling reasons. Ervine v. Warden, 214

9   F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing Press-Enterprise Co. v. Superior Court, 464

10   U.S. 501, 513 (1984)); see also Perez-Guerrero v. U.S. Atty. Gen., 717 F.3d 1224, 1235

11   (11th Cir. 2013) ("[T]he decision to seal the entire record of the case . . . must be

12   'necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that

13   interest.'" (second and third brackets in original) (citation omitted)). Here, sealing the

14   entire record would be overbroad and undermine the "strong presumption" favoring the

15   public's interest in this case, a class action against a debt collection service. See Ctr. for

16   Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016); Oliner, 745 F.3d

17   at 1025-26.

18          That being said, sufficient cause supports Plaintiff's supplemental request to redact

19   his name from the docket and allow him to proceed under the pseudonym "John Doe." The

20   Ninth Circuit allows parties to proceed anonymously when the party's "need for

21   anonymity" to avoid physical injury outweighs the "prejudice to the opposing party and

22   the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced

23   Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000). That is the case here. (See Doc.

24   No. 16, Exs. A-C.) Additionally, redacting Plaintiff's name from the record would not

25   prejudice any party because Plaintiff voluntarily dismissed the action over fifteen years

26   ago. (Doc. No. 6.) Further, the public's interest in this case primarily centers around the

27   underlying nature of the action, a class action against a debt collection service, not

28   Plaintiff's identity. As a result, the Court grants Plaintiff's supplemental request to redact

1    his name from the record.

2         For the foregoing reasons, the Court grants Plaintiff's petition to re-open the case.

3    The Court then grants in part and denies in part Plaintiff's supplemental motion to seal.

4    Consistent with this Order, the Court directs the Clerk to replace Plaintiff's name with

5    "John Doe" on the docket and in all publicly and electronically available documents so as

6    to conceal his true name.  Thereafter, the Court directs the Clerk to re-close the case.

7    **IT IS SO ORDERED.**

8    DATED: June 28, 2021

9

10    MARILYN L. HUFF, District Judge
     UNITED STATES DISTRICT COURT

06-cv-00599-H-AJB

United States District Court
Southern District of Texas

## ENTERED

June 29, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARREN D. CHAKER,

§
§
§
Appellant,    §
§    CIVIL ACTION NO. 4:15-CV-2897
§
§
§
§

## O R D E R

Pending before the Court are three (3) Motions to Seal this File **(Instrument Nos. 22, 24, and 25)**, and one Motion to Reopen the case. **(Instrument No. 23)**.  The Motion to Reopen is **DENIED**. The Motions to Seal the File are **GRANTED**.

The Clerk is advised that no additional pleadings should be accepted in this case.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the _____ day of June, 2021.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

Ex. D

1    **WO**

2

3

4

5

6        **IN THE UNITED STATES DISTRICT COURT**

7        **FOR THE DISTRICT OF ARIZONA**

8

9    CitiBank NA,                    No. CV-12-02452-PHX-ROS

10        Petitioner,             **SEALED ORDER**

11    v.

12    David Hunter,

13        Respondent.

14

15       Respondent seeks to seal this case in its entirety.  According to Respondent, he

16 changed his name and there are documents that include his former and current name.

17 Respondent declares he "received threats on [his] life via telephone and email" and failure

18 to place the record under seal places him "at additional risk of harm." (Doc. 22 at 20).

19 Petitioner was served a copy of the motion but did not file a response.  Based on the

20 arguments and evidence filed by Respondent, there are compelling reasons involving his

21 safety to seal the record.

22       Accordingly,

23       **IT IS ORDERED** the Motion to Seal (Doc. 21) is **GRANTED**.

24    ...

25    ...

26    ...

27    ...

28    ...

Ex. E

1    **IT IS FURTHER ORDERED** the Motion to Seal Records (Doc. 22) is

2    **GRANTED.** The Clerk of Court shall seal this case in its entirety.

3    Dated this 30th day of June, 2021.

4

5

6    Honorable Roslyn O. Silver
     Senior United States District Judge
7

8

9

10   cc: all parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MIME-Version:1.0 From:azddb_responses@azd.uscourts.gov To:azddb_nefs@localhost.localdomain Bcc: Message-Id:<22142562@azd.uscourts.gov>Subject:Activity in Case 12-2452 Sealed v. Sealed (Redacted Notice) Content-Type: text/html>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

### U.S. District Court

### DISTRICT OF ARIZONA

**Notice of Electronic Filing**
The following transaction was entered on 7/1/2021 at 7:05 AM MST and filed on 7/1/2021

| | |
|---|---|
| **Case Name:** | CitiBank NA v. Hunter |
| **Case Number:** | 2:12-cv-02452-ROS *SEALED* |
| **Filer:** | |
| **WARNING: CASE CLOSED on 07/11/2013** | |
| **Document Number:** | 24 |

**Docket Text:**
**SEALED ORDER granting [21] Sealed Motion to Seal. FURTHER ORDERED granting [23] Sealed Motion to Seal Records. The Clerk of Court shall seal this case in its entirety. Signed by Senior Judge Roslyn O Silver on 6/30/21. (cc: All Parties) (MAP)**

**2:12-cv-02452-ROS *SEALED* No electronic public notice will be sent because the case/entry is sealed.**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=7/1/2021] [FileNumber=22142561-0
] [604354505d370f5b3b3bc05ca405a323830a47c55644589cba013453f9b5ee26e59
ae8bebf1039b482a5b07db9a50d7795a60b797d6b9bd33c8699837b8912c1]]

# SEALED DOCUMENT

# NOT A PUBLIC RECORD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JOHN DOE,[1]

Plaintiff,

v.

COLLECTCO, INC., dba COLLECTION
COMPANY OF AMERICA, et al.,

Defendant.

Case No. 2:06-cv-00244-JCM-DJA

**ORDER**

Before the Court is Plaintiff John Doe's motion to seal (ECF No. 12), motion to reopen case (ECF No. 15), motion to seal attaching a supplement (ECF No. 16), and two motions to seal attaching motions for judicial notice (ECF Nos. 17 and 19). Because the Court finds that Plaintiff has not sufficiently shown that the Court should seal the entire record, but that Plaintiff has shown good cause to redact his address and email address and replace his name with "John Doe," the Court grants his motions to seal (ECF Nos. 12, 15, and 16) in part and denies his motion to seal attaching his motions for judicial notice (ECF Nos. 17 and 19) as moot. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

Through his motion to seal and reopen (ECF Nos. 12 and 15), Plaintiff seeks to reopen the case to seal the record and replace his name with "John Doe." Plaintiff explains that he is protected under California Code of Civil Procedure § 367.3 and California Government Code § 6205 (the "Safe at Home Program") which allows crime victims to keep their addresses confidential. Plaintiff supplemented his motion (ECF No. 16) a few months later and filed motions for judicial notice of other court decisions sealing or redacting his information (ECF No. 17 and 19).

---

[1] The Court replaces Plaintiff's name in the caption with John Doe.

Ex. F

**II.      Standard.**

Under Federal Rule of Civil Procedure 10(a), the title of every complaint must "include the names of all the parties," and a plaintiff's use of a fictitious name may "run[] afoul of the public's common law right of access to judicial proceedings." *Does I through XIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). Nevertheless, the Ninth Circuit permits parties to proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I through XII*, 214 F.3d at 1068; *see United States v. Doe*, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) ("We are cognizant 'that the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity'"). The decision of whether to allow a party to remain anonymous is within this Court's discretion. *See Kamehameha Sch.*, 596 F.3d at 1042.

**III.      Discussion.**

     ***A.      Ninth Circuit authority applies to this case.***

Although Plaintiff asks this Court to apply California law, the case he cites does not support his position. Plaintiff uses *Maldonado v. Sec'y of Cal. Dept. of Corrs. and Rehab*, for the proposition that this court should apply California law to seal his case. However, *Maldonado* is distinguishable because it involved an ongoing case with mixed questions of state and federal law. *See Maldonado v. Sec'y of Cal. Dept. of Corrs. and Rehab.*, No. 2:06-cv-0269-MCE/GGH, 2007 WL 4249811, at *5-6 (E.D. Cal. Nov. 30, 207). Here, however, Plaintiff's case has been closed for fifteen years. Even when it was active, it involved only questions of federal and Nevada law, not California law. California law does not apply here, rather, this Court applies Ninth Circuit rules governing the use of fictitious names and sealing cases.

     ***B.      The Court denies Plaintiff's motion to seal the entire case.***

To the extent that Plaintiff asks the Court to seal the entire case, the Court declines. Courts ask two questions to determine whether a qualified First Amendment right of public access applies

1  to a particular proceeding or document: (1) whether the place and process have historically been

2  open to the press and general public; and (2) whether public access plays a significant positive role

3  in the functioning of the particular process in question. *United States v. Doe*, 870 F.3d 991, 997

4  (9th Cir. 2017). Even when this test is satisfied, however, the public's First Amendment right of

5  access establishes only a strong presumption of openness, and "the public still can be denied access

6  if closure 'is necessitated by a compelling government interest, and is narrowly tailored to serve

7  that interest." *Id.* (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 n.1 (9th Cir.

8  1989)).

9      *United States v. Doe* stands for the proposition that sealing docket entries requires a

10  connection between the threat and the docket entries. *Doe*, 870 F.3d at 998-1001. There, a criminal

11  defendant moved to seal docket entries that showed that he had provided the government

12  information about an international drug cartel in exchange for a lowered sentence. *Doe*, 870 F.3d

13  at 994. Although the defendant had not received specific threats to him or his family, the Ninth

14  Circuit found that sealing was necessary because: (1) the risks to Doe and his family were extreme

15  due to the amount of information Doe had provided, the wealth of the international cartel with

16  which he dealt, and the fact that inmates are routinely required to produce dockets and case

17  documents to prove they didn't cooperate; (2) the government had an interest in preserving its

18  ongoing investigation; and (3) there were no adequate alternatives to closure because redacted

19  docket entries would immediately look different than those in non-cooperators cases, readily

20  signaling Doe's cooperation. *See id.* at 998-1001

21      Here, Plaintiff does not overcome the First Amendment right of public access to the case

22  docket. Under the Ninth Circuit test: (1) court's dockets have historically been open to the press

23  and general public; and (2) public access plays a positive role in the function of preserving case

24  records. Plaintiff does not overcome this right because the remedy of sealing the entire docket is

25  not narrowly tailored to achieving the goal of protecting information covered by the Safe at Home

26  Program.

27      Plaintiff has also not sufficiently connected the threats he has received to the docket to seal

28  the entire record. Even more so than the criminal defendant in *Doe*, who sought only to seal certain

1    entries, here Plaintiff asks the entire case to be sealed.  However, less than the criminal defendant

2    in *Doe*—who had verified involvement with an international drug cartel—Plaintiff speculates that

3    a criminal enterprise is the source of threats against him.  The docket also contains very few

4    references to Plaintiff's address or email.  On balance, however, Plaintiff has provided evidence of

5    a serious threat.  Under the *Doe* factors: (1) Plaintiff has alleged that the risks are extreme but has

6    not directly connected them with the docket like the defendant in *Doe* who could show that the

7    docket would form the basis for others to threaten him and his family; (2) the California government

8    has shown an interest in protecting its citizens through the Safe at Home Program; and (3) there are

9    adequate alternatives to sealing the entire record.  Although the second factor weighs in Plaintiff's

10   favor, the first and second weigh in favor of a narrower remedy.  The Court thus denies Plaintiff's

11   motion insofar as it asks for his entire case to be sealed.

12        **C.    *The Court grants Plaintiff's motion to redact his personal information.***

13        Plaintiff has shown sufficient reasons to redact his personal information from the record.

14   While the Safe at Home Program is not able to delete information that already exists in public

15   records, it does provide that "participants should request that confidential information on public

16   records be replaced by their Safe at home designated mailing address."  *See Frequently Asked*

17   *Questions*, CALIFORNIA SECRETARY OF STATE, https://www.sos.ca.gov/registries/safe-

18   home/frequently-asked-questions1. (last visited Jul. 20, 2021).  In *Doe v. Law Offices of Winn and*

19   *Sims et al.*—another case which Plaintiff requested to seal—the Southern District of California

20   found that, although Plaintiff had not provided sufficient reasons to seal his entire record, his

21   participation in the California Safe at Home Program was reason to remove his address from the

22   record and replace his name with "John Doe."  *See Doe v. Law Offices of Winn and Sims et al.*, No.

23   3:06-cv-00599-H-AJB, 2021 WL 2529617, at *1-2 (S.D. Cal. June 21, 2021); *see Doe v. Law*

24   *Offices of Winn and Sims et al.*, No. 3:06-cv-00599-H-AJB, (ECF No. 17) (S. D. Cal June 29, 2021).

25   The court declined Plaintiff's requests to seal the entire case but directed the Clerk of Court to

26   replace his address on the docket with his Safe at Home address, replace certain documents with

27   redacted versions, and to replace Plaintiff's name with "John Doe."  *See id.*

28

1         Here, the Court finds good reason to redact Plaintiff's address and email and replace his

2  name with "John Doe."  Plaintiff has provided evidence of his participation in the Safe at Home

3  Program, of a threat, and of his connection with a criminal event.  And through his motions, Plaintiff

4  seeks to follow the recommendations of the Safe at Home Program, asking—in the alternative to

5  sealing—for the Court to replace his name with "John Doe" and redact his addresses.  The Court

6  finds the Southern District of California's approach to Plaintiffs' similar requests persuasive,

7  although it does not find the need to take judicial notice of the cases Plaintiff submitted in his

8  motions to seal (ECF No. 17 and 19).  While Plaintiff has not provided sufficient reasons to seal

9  his entire record, he has provided enough for the Court to replace his address on the docket with

10  his Safe at Home address, to redact his address and email, and to replace his name with "John Doe."

11         **IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 12) as it relates

12  to ECF Nos. 12-1, 16, 17, and 19 is granted.  These items are to remain sealed.

13         **IT IS FURTHER ORDERED** Plaintiff's motions to seal (ECF Nos. 12 and 16) are granted

14  in part.

15         **IT IS FURTHER ORDERED** that Plaintiff's motion to seal, appending his notice for

16  judicial notice (ECF Nos. 17, 17-1, and 19) are denied as moot.

17         **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to replace

18  Plaintiff's address on the docket with his Safe at Home address—P.O. Box 1679, Sacramento CA

19  95812[2]—and to replace ECF Nos. 7, 15, and 18 with redacted versions of those documents attached

20  to this Order as Exhibits A, B, and C, respectively.  The Clerk of Court is also directed to replace

21  Plaintiff's name with "John Doe" on the docket and in all publicly and electronically available

22  documents to conceal his true name. Thereafter the Court directs the Clerk to re-close the case.

23         DATED: July 27, 2021

24

25                                            DANIEL J. ALBREGTS
                                            UNITED STATES MAGISTRATE JUDGE

26

27

28

---

[2] This address appears in the Southern District of California's order granting Plaintiff's motion to seal in part.  *See Law Offices of Winn and Sims et al.*, 2021 WL 2529617, at *1-2.

# Appellate Courts Case Information

## CALIFORNIA COURTS
### THE JUDICIAL BRANCH OF CALIFORNIA

Supreme Court

Change court

## Case Summary

| | |
|---|---|
| Supreme Court Case: | **S100508** |
| Court of Appeal Case(s): | No Data Found |
| Case Caption: | CHAKER (DARREN D.) ON H.C. |
| Case Category: | Confidential |
| Start Date: | 09/10/2001 |
| Case Status: | case closed |
| Issues: | none |
| Disposition Date: | 02/27/2002 |
| Case Citation: | none |

Cross Referenced Cases:
No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy

© 2021 Judicial Council of California

Ex. G

# Appellate Courts Case Information

## CALIFORNIA COURTS
### THE JUDICIAL BRANCH OF CALIFORNIA

Supreme Court

Change court

## Case Summary

| | |
|---|---|
| Supreme Court Case: | **S093945** |
| Court of Appeal Case(s): | No Data Found |
| Case Caption: | CHAKER (DARREN D.) ON H.C. |
| Case Category: | Confidential |
| Start Date: | 12/26/2000 |
| Case Status: | case closed |
| Issues: | none |
| Disposition Date: | 03/28/2001 |
| Case Citation: | none |

Cross Referenced Cases:
No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy

© 2021 Judicial Council of California

Ex. H

# Appellate Courts Case Information

## CALIFORNIA COURTS
### THE JUDICIAL BRANCH OF CALIFORNIA

Supreme Court

Change court

## Case Summary

| | |
|---|---|
| Supreme Court Case: | **S093943** |
| Court of Appeal Case(s): | No Data Found |
| Case Caption: | CHAKER (DARREN D.) ON H.C. |
| Case Category: | Confidential |
| Start Date: | 12/26/2000 |
| Case Status: | case closed |
| Issues: | none |
| Disposition Date: | 03/28/2001 |
| Case Citation: | none |

Cross Referenced Cases:

No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy

© 2021 Judicial Council of California

Ex. H

# Appellate Courts Case Information



CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

## Supreme Court

Change court

## Case Summary

| | |
|---|---|
| Supreme Court Case: | **S088929** |
| Court of Appeal Case(s): | No Data Found |
| Case Caption: | CHAKER ON H.C. |
| Case Category: | Confidential |
| Start Date: | 06/02/2000 |
| Case Status: | case closed |
| Issues: | none |
| Disposition Date: | 09/27/2000 |
| Case Citation: | none |

Cross Referenced Cases:
No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy

© 2021 Judicial Council of California

Ex. I

# Appellate Courts Case Information

## CALIFORNIA COURTS
### THE JUDICIAL BRANCH OF CALIFORNIA

Supreme Court

Change court

## Case Summary

| | |
|---|---|
| Supreme Court Case: | **S079640** |
| Court of Appeal Case(s): | No Data Found |
| Case Caption: | CHAKER, DARREN D. |
| Case Category: | Confidential |
| Start Date: | 06/11/1999 |
| Case Status: | case closed |
| Issues: | none |
| Disposition Date: | 09/29/1999 |
| Case Citation: | none |

Cross Referenced Cases:

No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

Careers  |  Contact Us  |  Accessibility  |  Public Access to Records  |  Terms of Use  |  Privacy

© 2021 Judicial Council of California

Ex. J

Case No. 2009-70010

| | |
|---|---|
| DARREN CHAKER, | IN THE 247th JUDICIAL DISTRICT, |
| Petitioner | HARRIS COUNTY, TEXAS |
| vs. | |
| NICOLE MATEO, | |
| Respondent. | |

**FILED**
Chris Daniel
District Clerk
DEC 0 2 2011

## ORDER SEALING COURT RECORDS

The Honorable Bonnie Hellums, Presiding District Court Judge.

Pending before the Court is Darren Chaker's Motion to Seal Record ("Motion"). The Court called the Motion for hearing on November 11, 2011. Petitioner Darren Chaker appeared through counsel, Yaron Lutfak. Respondent Nicole Mateo did not appear or file a response to the Motion.

After considering the pleadings and affidavit of the Petitioner, the evidence and arguments of counsel, the Court finds that the Motion has merit and that the disclosure of records, discovery and related information will result in irreparable injury to Petitioner. The court also finds specific, serious and substantial interests clearly outweigh the presumption of openness provided by <u>Texas Rule of Civil Procedure 76a</u>(1) and any probable adverse effect that sealing will have upon public's health or safety.

IT IS, THEREFORE, ORDERED that the Motion is GRANTED.

IT IS ORDERED that the following court records are sealed:

All records bearing Cause Number 2009-70010 and styled "Chaker v. Mateo" are sealed in physical and electronic form, except those documents that are required by law to be recorded in the minutes of the Court. The records shall not be opened or released except on appropriate court order unless used in connection with the instant case.

IT IS FURTHER ORDERED that Petitioner, Darren Chaker, and Respondent, Nicole Mateo, shall not release, distribute, or provide any sealed record, including any

Ex. L

1   discovery, to a third party unless the his or her attorney, the Texas Attorney General or

2   other entity to enforce any order of the Court or in connection with any future or pending

3   litigation between the parties.

4   SIGNED this day____ of November, 2011

5         DEC 0 2 2011

                              Hon. Bonnie C. Hellums

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

JAN 1 1 2012

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
CENTRAL DIVISION
220 WEST BROADWAY, SAN DIEGO, CA 92101

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff,

vs.

**CHIVATCHEV, NIKOLA,** _____ Defendant.

Court #: SCD223206
D.A. Case #: ACP303

| HEARING DATE, TIME & DEPARTMENT |
| --- |
| **Felony Jury Trial** |
| **APRIL 7, 2010 at 9:00 AM** |
| **Department: 11** |

To Witness:

DARREN CHAKER
311 N. Robertson Blvd #123
Beverly Hills, CA 90211

SUBPOENA
Criminal
P.C. 1326-1332
G.C. Sec 7460 et seq.

YOU ARE COMMANDED to appear in Department 11 of the Central Division of the San Diego Superior Court, 220 West Broadway, San Diego, CA 92101, on

# APRIL 7, 2010 at 9:00 AM

as a witness in the criminal action prosecuted by the People of the State of California against the above named defendant(s).

**Disobedience of this subpoena may be punished by a fine, imprisonment, or both.**

BY ORDER OF THE COURT: For good cause shown, it is hereby ordered that the above named witness appear in court as commanded by this subpoena.

Michael M. Roddy, Clerk of the Superior Court

_____3 -01 -10_____
Date

_____
Deputy Clerk

Pursuant to Penal Code section 1331.5, in lieu of such appearance at the time specified above, you may agree with the party at whose request the subpoena was issued to appear at another time or upon such notice as may be agreed upon. Any failure to appear pursuant to such agreement may be punished as contempt and could result in the issuance of a bench warrant for your arrest.

---

CERTIFICATE OF SERVICE

❑ On the date shown below I served the within subpoena on the above named person at _____
_____ by delivering at least one copy personally.

❑ On the date shown below I served the within subpoena on the above named peace officer witness per Section 1328PC by delivering 2 copies to _____ .

❑ After due search and diligent inquiry I have been unable to locate the above named person.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed

on (Date) _____ at (Place) _____ , California.

_____
(Signature of Server)

| SPECIAL INSTRUCTIONS |
| --- |
| Please contact Paralegal Janelle Lezette at (619) 531-3599 upon receipt of subpoena for witness scheduling. Thank you. |
| Deputy District Attorney assigned is Michael McCann  (619) 531-3644 |

Fx M

(469) 907-5672





Ex. N



Ex. O





U.S. POSTAGE PAID
PCM LG ENV
LAS VEGAS, NV
89119
AUG 02 21
AMOUNT
**$2.60**
R2304H109422-28



RECEIVED
AUG - 9 2021

U S District Court
601 Market St.
Philadelphia PA
19106